J. Irwin Shapiro, J.
This is a motion to vacate and set aside an order to examine the infant plaintiff and his father, the adult plaintiff, before trial.
The motion as to the infant is predicated on the fact that he is too young to be sworn. At the time of the accident he was 5 years and 2 months old. He is now 5 years and 6 months old.
Ordinarily, in the event of an application to examine a young child before trial, the court, by virtue of the requirements of section 365 of the Civil Practice Act, would, before ordering such an examination, have to satisfy itself that the infant understood the nature and quality of an oath. For the purpose, the infant’s appearance before the court at Special Term could be ordered (Collins v. Polsky, 14 Misc 2d 403) or the matter could be referred to an official referee (Bennett v. Ros, 120 N. Y. S. 2d 283; Blagburn v. Milrita Realty Corp., 204 Misc. 74), both processes having for their end and purpose the protection of the infant 'and the ascertainment of the sufficiency of his mental capacity to comprehend the obligations of the oath which he is about to take.
In the Collins case (supra) the court said: “ Defendant’s motion to examine the infant plaintiff before trial is disposed of as follows: The infant plaintiff will appear at Special Term, Part II, on May 7, 1953, at 11:00 a.m., and the Justice presiding thereat will determine the infant’s mental capacity to comprehend the obligation of an oath pursuant to section 365 of the Civil Practice Act. If the court determines that the infant has sufficient mental ability to understand the oath, he will swear the infant and the examination will then proceed as to the matters set forth in the notice of motion. If the witness be incapable of understanding the oath, the examination will be dispensed with and the motion to examine denied (cf. Kolenik v. Rudin, N. Y. L. J., March 10, 1952, p. 956, col. 7 [13 Misc 2d 718]).”
In the Bennett case (supra) the court said (p. 283): “ That part of plaintiff’s motion to examine the infant defendant Robin Ros before trial, will be referred to an official referee to hear and determine. Until a preliminary examination can be held pursuant to section 365 of the Civil Practice Act to determine whether the infant defendant has sufficient mental capacity to comprehend the obligation of an oath, the court cannot direct the infant’s deposition to be taken. Stoppick v. Goldstein, 174 *466 App. Div. 306 [160 N. Y. S. 947]; Fritsch v. Central Trust Co., 262 App. Div. 551 [30 N. Y. S. 2d 934]; DeRosa v. Viggiano [Sup.] 81 N. Y. S. 2d 481.”
I have been unable to find any case which determines at what age, as a matter of lorn, an infant would be too young even to be considered for questioning as to his competency. In Wheeler v. United States (159 U. S. 523, 524) the court said: “ While no one would think of calling as a witness an infant only two or three years old, there is no precise age which determines the question of competency. This depends on the capacity and intelligence of the child, his appreciation of the difference between truth and falsehood, as well as of his duty to tell the former.” (Underscoring supplied.)
In that case the court held it not to be error to admit the sworn testimony of a boy five years old and said of him, “ That the boy was not by reason of his youth, as a matter of law, absolutely disqualified as a witness, is clear ” (p. 524).
I have been able to find no New York case dealing with the taking of an oath by an infant of the approximate age of the infant here although in Richardson on Evidence ([7th ed.], p. 394) the author states, “ A witness six and a half years old, who knew she would be punished if she told an untruth, was held competent in Agnew v. Brooklyn City R. R. Co., 5 N. Y. S. 756, affd, 117 N. Y. 651, 22 N. E. 1132.”
An examination of the case shows the author to be in error for a reading of the case shows that there “ The plaintiff on September 3, 1886 (the day of the accident), was about six and a half years of age ” (p. 756). What his age was at the time he was offered as a witness does not appear in the opinion which was handed down on April 23, 1889, but the record on appeal reveals that the trial was held on February 13 through February 15 of 1889. Thus, at the time of testifying the infant was nine years of age.
In judging of the competency of an infant wdtness, it is his awareness of the nature of an oath and his duty to testify truthfully, at the time he is to he sworn, and not what it was at the time of the occurrence about which he is to be interrogated, that determines the propriety of the administration of an oath to him. Thus, it has been held that a child may be competent to testify to occurrences which he rejnembers, although they happen at a time when he was too immature to testify (Davenport v. Commonwealth, 285 Ky. 628; 97 C. J. S., Witnesses, § 58, p. 450) and that even though he may have been incompetent to testify at the original trial, he may nevertheless testify at the *467 second trial of the action (State v. Radke, 168 Kan. 334; Whitehead v. Stith, 279 Ky. 556; Burnam v. Chicago, Great Western R. R. Co., 340 Mo. 25; State v. Belknap, 221 S. W. 39 [Mo.]; Cross v. Commonwealth, 195 Va. 62).
In Alsante v. Roberts (118 N. Y. S. 2d 683) the court vacated the notice to examine an infant who ‘ ‘ at the time of the accident herein was five years of age and is now six years old ” because it was returnable before a notary public, holding that “ the trial court should pass upon the witness’ competency” and ‘ ‘ Whether such a hearing might be had before an official referee, the court does not determine ” (p. 685).
If the court by the use of the words,1 ‘ the trial court ’ ’ meant that only at the trial, and not in advance therof such as at an examination before trial, could the competency of an infant be determined, this court does not agree therewith. I apprehend, however, that the court, by the language used, was merely reiterating the well-known rule that the duty of protecting an infant who is called as a witness is an obligation of the court —not the trial court necessarily, and that therefore, while there could be an examination before trial, it could not be conducted before a notary public (1 McCullen on Examinations before Trial [Rev. ed.], see § 115A).
Accordingly, the motion to vacate the notice to examine the infant plaintiff before trial is disposed of by directing that he appear at a Special Term, Part II, of this court, before the Justice there presiding, at a time to be agreed on by counsel in the order to be entered herein, which is to be settled on notice, and if they cannot agree the court will fix such date and time in the order. The Justice at Special Term, Part II, will determine the infant’s mental capacity to be sworn under the requirements of section 365 of the Civil Practice Act. If the court determines that the infant should be sworn, he will do so and the examination will then continue under the supervision of the court. If the court holds that the infant is incapable of understanding the oath and complying therewith, the examination will be dispensed with.
In view of the above, the examination of the guardian ad litem — the father — should be held on the same day as that of the infant so that neither counsel nor the father will have to make duplicate appearances. The notice to examine the guardian ad litem is modified accordingly.
Settle order.