■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FERNANDO FLORES, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered March 31, 1978, convicting him of manslaughter in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. Judgment reversed, as a matter of discretion in the interest of justice, and new trial ordered. Defendant's testimony concerning the homicide was that the victim was trying to take money from him and threatened to shoot him if he did not comply. The deceased had, on two prior occasions, successfully taken money from the defendant in this manner. The court instructed the jury on one prong of the justification defense, to wit, the defendant's "reasonable and honest belief that his life was at peril and to the * * * need for him to defend himself." It did not include the justified use of force to resist force in the course of a robbery attempt. This was reversible error (see Penal Law, § 35.15, subd 2, par [b]; *People v Fuller,* 74 AD2d 879; *People v Davis,* 74 AD2d 607). A defendant is entitled, for purposes of the charge, to a view of the trial testimony in a light most favorable to him *(People v Steele,* 26 NY2d 526, 529). The error was critical and warrants review even in the absence of a request to charge or an exception taken at trial (see *People v Davis, supra).* Upon the retrial, two other errors should be avoided. A charge on the ambiguity of the evidence of flight should be given (see *People v Yazum,* 13 NY2d 302) since the court must state "the material legal principles applicable to the particular case" (CPL 300.10, subd 2). In this case, the instruction would be to the effect that the flight did not of itself negative the justification defense. In addition, certain remarks by the prosecutor, conceded by respondent to be "ill-chosen", should be scrupu-

lously avoided. We reject defendant's claim that a certain statement should have been suppressed and, in light of our determination, we need not reach the merits of the remaining issues. Titone, J. P., Mangano, Martuscello and Weinstein, JJ., concur.