Reverend Nathaniel T.
GRADY, Appellant,

v.

Eugene LeFEVRE, Superintendent, Clinton Correctional Facility, Appellee.

No. 1014, Docket 88–2057.

United States Court of Appeals,
Second Circuit.

Argued April 21, 1988.

Decided May 13, 1988.

Michael H. Sussman, Yonkers, N.Y. (Sussman & Sussman, Yonkers, N.Y., on the brief), for appellant.

Susan L. Valle, Asst. Dist. Atty., Bronx, N.Y. (Paul T. Gentile, Dist. Atty., Bronx County, and Peter D. Coddington, Asst. Dist. Atty., Bronx, N.Y., on the brief), for appellee.

Before TIMBERS, MESKILL and KEARSE, Circuit Judges.

TIMBERS, Circuit Judge:

Appellant Reverend Nathaniel T. Grady appeals from a judgment entered December 9, 1987 in the Southern District of New York, Whitman Knapp, *District Judge*, denying his petition for a writ of habeas corpus. Appellant was convicted of nineteen sex offenses against minors arising out of his sexual abuse of several children at a day care center in the Bronx. On appeal, he claims, first, that pretrial identification of him by the children was obtained through suggestive practices and

was unreliable; second, that in-court identification was conducted in a way that violated his due process rights; third, that the trial court deprived him of his right of confrontation by allowing the sworn testimony of some of the children; and, fourth, that the trial court denied him due process by allowing an expert to testify on the Child Sexual Abuse Syndrome. The government, in addition to answering these claims, asserts that the petition must be dismissed because appellant has failed to exhaust his state remedies.

We hold that appellant has failed to exhaust his state remedies with respect to two of the claims raised on appeal. Under *Rose v. Lundy*, 455 U.S. 509 (1982), we vacate the judgment of the district court and remand the case with instructions to dismiss the petition.

## I.

We summarize only those facts and prior proceedings believed necessary to an understanding of the issues raised on appeal.

On May 1, 1986, appellant, a Methodist minister who formerly served as a member of the Board of Directors of a church-run day care center in the Bronx, was convicted following a jury trial of several sex offenses involving children who were sexually abused at the center. Specifically, he was convicted on two counts of first degree rape, in violation of N.Y. Penal Law §§ 130.35(1) and (3) (McKinney 1987); 13 counts of first degree sodomy, in violation of N.Y. Penal Law §§ 130.50(1) and (3) (McKinney 1987); and four counts of first degree sexual abuse, in violation of N.Y. Penal Law §§ 130.65(1) and (3) (McKinney 1987).

During the pretrial investigation, four of the children identified appellant's photograph in procedures that appellant later characterized as suggestive. At the trial in the Bronx County Supreme Court during the period November 7, 1985 to January 20, 1986, four of the five year old victims testified under oath; three made positive in-court identifications of appellant. The children's testimony was replete with contra-

dictions and recantations. This, according to the district court, was attributable to their continued fear of appellant. An expert for the government, Eileen Treacy, testified regarding Child Sexual Abuse Syndrome ("CSAS"). This, she stated, could cause sexually abused children to suppress the memory of the abuse, refuse to discuss it, recant their accusation and, in a courtroom setting, evade a defendant who was present in the courtroom and deny that he was the abuser.

After conviction, appellant was sentenced to concurrent indeterminate terms of imprisonment of (1) from three to nine years on two counts of rape and two counts of sodomy against Tiffanie B.; (2) from three to nine years on two counts of sodomy against Harold O.; (3) from three to nine years on two counts of sodomy against James J.; (4) from three to nine years on four counts of sodomy against Marc G.; and (5) from two and a third to seven years on four counts of sexual abuse against Emmanuel L. The court ordered all sentences pertaining to each child to run consecutively. Pursuant to this sentence, appellant remains incarcerated.

Appellant appealed to the Appellate Division, First Department, which affirmed without opinion. 125 A.D.2d 1011, 508 N.Y.S.2d 359 (1st Dep't 1986). Leave to appeal to the New York Court of Appeals was denied. 69 N.Y.2d 880, 515 N.Y.S.2d 1028, 507 N.E.2d 1098 (1987). Appellant then filed the instant petition seeking federal habeas relief. The government responded that appellant had failed to exhaust state remedies with respect to two claims in the petition. The court, in an order dated October 13, 1987, held that appellant had exhausted state remedies and directed the government to respond to the petition on the merits. In an opinion dated December 4, 1987, the court subsequently denied appellant's petition. This appeal followed.

For the reasons stated below, we vacate the judgment and remand the case with instructions to dismiss the petition for failure to exhaust state remedies.

## II.

In *Rose v. Lundy, supra,* 455 U.S. at 522, the Supreme Court held that "a district court must dismiss habeas petitions containing both unexhausted and exhausted claims." To exhaust a claim, the petitioner must have presented the claim in the state court in a way "likely to alert the court to the claim's federal nature." *Daye v. Attorney General,* 696 F.2d 186, 192 (2 Cir.1982) (en banc), *cert denied,* 464 U.S. 1048 (1984).

The government asserts that appellant failed to exhaust some of the claims in his habeas petition; that the district court erred in holding that all claims had been exhausted; and that the court should have dismissed the petition. The government also asserts that, even if the district court's determination were correct, appellant has added a new claim on appeal (concerning the testimony of Eileen Treacy) which he has not exhausted. The government's able counsel concludes that under *Rose v. Lundy, supra,* the district court's judgment must be vacated and the case must be remanded with instructions to dismiss the petition since it contains a mixture of exhausted and unexhausted claims. We agree.

According to the government, appellant's petition as filed in the district court contained the following unexhausted claims: (1) that no "independent basis" supported the children's pre-trial identifications which were tainted by suggestive policy procedures, and (2) that allowing the children to testify under oath deprived appellant of his constitutional right to confrontation (as opposed to his right under a *state* law defining when children may testify). Moreover, the government asserts that appellant now raises for the first time on the instant appeal his claim (3) that the testimony of Treacy on CSAS denied him a meaningful right to confront his accusers.

Our review of the record and the state court briefs satisfies us that claims (2) and (3) were not exhausted.

Referring to claim (2), concerning the trial court's ruling that allowed the children to testify under oath, the government asserts that appellant relied in the state courts solely on a New York statute and New York case law in claiming that the trial court erred in allowing some children to testify under oath. While it acknowledges that appellant made one reference to "constitutional rights" in his Appellate Division reply brief, the government asserts that this one reference is insufficient to alert the state courts specifically to a confrontation clause issue. It cites both *Petrucelli v. Coombe,* 735 F.2d 684, 688 (2 Cir.1984), which held that a petitioner had not exhausted a double jeopardy claim by asserting fair trial and due process claims in the state courts, and *Daye, supra,* 696 F.2d at 192–93, which held that a petitioner may alert the state court as to a federal constitutional claim in several ways, including explicit reliance on federal constitutional precedents or explicit assertion that he was deprived of a particular right specifically protected by the Constitution.

Appellant responds that the New York cases he cited were predicated upon federal constitutional rights. Like the government, he cites *Petrucelli, supra,* 735 F.2d at 687, but for the proposition that it is sufficient to cite such state cases. *Petrucelli* held that:

> "adequate notice to the state courts that they are to decide federal constitutional claims at least includes: '(a) reliance on pertinent federal cases employing constitutional analysis, (b) *reliance on state cases employing constitutional analysis in like fact situations,* (c) assertion of the claim in terms so particular as to call to mind a specific right protected by the Constitution, and (d) allegation of a pattern of facts that is well within the mainstream of constitutional litigation.' "

*Id.* at 688 (quoting *Daye, supra,* 696 F.2d at 194) (emphasis added). In *Daye,* moreover, we had made it clear that any of these four means of providing notice would be sufficient. *Daye, supra,* 696 F.2d at 192–94. Nevertheless, a review of the state cases that appellant cited in his brief before the Appellate Division shows that the mere citation to these cases did not provide adequate notice to the state court.

While it is possible that the underlying concern of the New York statute at issue in these cases was the protection of the kind of rights also protected by the confrontation clause, the cases discuss the issue solely in terms of New York law, and never discuss the issue in terms of the defendant's ability to confront young witnesses. *See, e.g., People v. Nisoff,* 36 N.Y.2d 560 (1975); *Sommers v. Deepdale Gardens Third Corp.,* 14 Misc.2d 464, 178 N.Y.S.2d 516 (1958). It is simply not enough that the policy concerns at issue in the state cases cited to the state courts were similar to the policy concerns supporting the federal constitutional claim that the habeas petitioner seeks to assert. This is especially so in this case, where appellant's brief was cast solely in terms of New York procedure, beginning, for example, with the statement that "New York State has a strong presumption against the sworn testimony of children under twelve years of age." In short, we hold that appellant's state court brief failed to alert the state courts to the alleged federal nature of his claim.

■ Moreover, claim (3), concerning the expert testimony of Eileen Treacy on CSAS, plainly was not exhausted. The places in the record which appellant cites show only that he claimed the expert testimony was impermissible "bolstering", not that it deprived him of his right meaningfully to confront his accusers by explaining away any inconsistencies or recantations. Appellant totally fails to explain how this "bolstering" claim was thought to have alerted the state courts to the idea that appellant was asserting a federal confrontation clause claim. This "bolstering" claim simply did not assert the claim "in terms so particular as to call to mind" a specific constitutional right—i.e., the right protected by the confrontation clause. We hold that appellant did not satisfy the exhaustion requirement with regard to claim (3).

In a footnote in his reply brief in our Court and at oral argument, appellant stated that he is prepared now to abandon any of the three claims challenged as unexhausted. He cites *Rock v. Coombe,* 694 F.2d 908, 914 (2 Cir.1982), *cert. denied,* 460 U.S. 1083 (1983), in which we held that, if a habeas petitioner expressly and unequivocally acknowledged to the district court that he was abandoning his unexhausted claims, we sometimes would exercise our discretion to allow him to do so without requiring the "formalization" of the withdrawal by filing a new petition in the district court.

■ In the instant case, we are convinced that to exercise our discretion in this way would be unwarranted for two reasons.

First, in *Rock, supra,* we stated that "[w]here the petitioner has not clearly and unambiguously abandoned his unexhausted claims at either [the trial or appellate] level, we have remanded to the district court for further proceedings in accordance with *Lundy." Id.* at 914 n. 5 (citing *Gulliver v. Dalsheim,* 687 F.2d 655, 659 (2 Cir.1982)). In the instant case, appellant did not unequivocally abandon his claims at *either* the trial or the appellate level. At the district court level, he asserted that the claims were exhausted. The district court, after accepting appellant's assertion, proceeded to rule on all the claims on their merits. On appeal, appellant has stated only *conditionally* that his claims would be withdrawn, that is, on the condition that we were to find the claims to have been unexhausted. As in *Shears v. Israel,* 712 F.2d 1220, 1222 (7 Cir.1983), the district court "considered and decided on the merits one of the unexhausted claims". Thus, "abandonment of that claim at this stage would be more than a formal gesture." *Id.*

Second, we hold that the unexhausted claims are intertwined with appellant's claim that he was denied a fair trial by the admission of the children's testimony and in-court identifications. The state courts should have been given the opportunity to consider all the circumstances and the cumulative effect of all the claims as a whole.

### III.

To summarize:

We hold that appellant has failed to exhaust state remedies with regard to two claims raised on appeal. Accordingly, we vacate the judgment of the district court and remand the case with instructions to dismiss the petition.

Remanded with instructions.