**Frank GIBRIANO, Petitioner,**

v.

**ATTORNEY GENERAL OF THE STATE OF NEW YORK, et al., Respondents.**

### No. 95 Civ. 2104(JES).

United States District Court, S.D. New York.

May 20, 1997.

Frank Gibriano, Bound Brook, NJ, pro se.

Carolyn Cairns Olson, Asst. Atty. Gen., Litigation Bureau, New York City, for Respondents.

### ORDER

SPRIZZO, District Judge.

The above-captioned action having come before this Court, and petitioner having filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, and the Court having referred the above-captioned action to Magistrate Judge Peck for a Report and Recommendation, and petitioner having requested leave from Magistrate Judge Peck to amend his petition to include a speedy trial claim, and Magistrate Judge Peck having issued a Report and Recommendation granting petitioner's request to add that claim but recommending that the petition be denied without prejudice for failure to exhaust state court remedies concluding that all of petitioner's claims are unexhausted, and petitioner having filed a "response" to Magistrate

---

Judge Peck's Report and Recommendation requesting leave to drop his unexhausted claims but indicating that one claim is exhausted, requesting a subpoena for certain records and seeking a judgment by default against respondents, and the Court having considered all matters raised, it is

ORDERED that the Court hereby adopts Magistrate Judge Peck's Report and Recommendation in its entirety, and it is further

ORDERED that the Court hereby denies petitioner's application for a judgment by default against respondents since they have properly moved to dismiss his petition, and it is further

ORDERED that the Court hereby denies petitioner's request that the Court subpoena certain records, and it is further

ORDERED that the above-captioned action shall be and hereby is dismissed without prejudice, and it is further

ORDERED that the Clerk of Court is directed to close the above-captioned action.

## REPORT AND RECOMMENDATION

PECK, United States Magistrate Judge.

Petitioner Frank Gibriano seeks a writ of habeas corpus, alleging that: (1) his conviction was obtained by the failure of the prosecution to disclose exculpatory evidence and/or *Rosario* material, (2) the grand and petit jury were unconstitutionally selected or impaneled, and (3) he received ineffective assistance of counsel by reason of his counsel's failure to interview certain witnesses. (Petition, dated 1/12/95, at 5–6.) Petitioner Gibriano also has requested leave to amend his Petition to include a fourth ground, alleging denial of his right to a speedy trial. I grant Gibriano's request and deem his Petition to be so amended. However, for the reasons set forth below, I recommend that his habeas petition be denied for failure to exhaust his state court remedies.

1. § 440.10(1)(h) states in part:
 At any time after the entry of judgment, the court in which it was entered may, upon motion of the defendant, vacate such judgment

## PROCEDURAL BACKGROUND

On January 28, 1992, petitioner Frank Gibriano was convicted for criminal sale of a controlled substance in the third degree (Penal Law § 220.39(1)) and sentenced to 41/2 to 9 years imprisonment. (Petition at 1; Government Brief at 1.)

Gibriano appealed to the Appellate Division, First Department, alleging that he was illegally convicted in violation of his right to a speedy trial under N.Y. CPL § 30.30. (Petition at 3, ¶ 9; Government Brief at 3; Olson Aff. Ex. B.) By Order dated June 24, 1994, the Appellate Division affirmed Gibriano's conviction without opinion. *People v. Gibriano*, 205 A.D.2d 1038, 614 N.Y.S.2d 96 (1st Dep't 1994). On November 22, 1994, the Court of Appeals denied his application for leave to appeal. *People v. Gibriano*, 84 N.Y.S.2d 935, 621 N.Y.S.2d 532, 645 N.E.2d 1232 (1994).

Gibriano claims that on May 2, 1992, he made a motion in the Supreme Court, New York County, pursuant to N.Y. CPL § 440.10,[1] to set aside his conviction on the grounds of violations of due process and ineffective assistance of counsel. (Petition at 3, ¶ 11.) According to Gibriano, that motion was denied on January 11, 1993. (*Id.*) The New York County District Attorney's Office advises that they have no record of the motion being made or of its denial. (*See* Olson Aff. ¶ 8.) Assuming that the motion was made and denied, however, it is undisputed that Gibriano did not seek leave to appeal the denial of his § 440.10 motion, allegedly because he thought it might delay his speedy trial direct appeal, which he felt was sound. (*See* Petition at 4, ¶ 11(c)-(d).)

Gibriano's present habeas corpus petition raises three grounds for relief: that (1) his conviction was unconstitutionally obtained because the prosecution failed to disclose evidence favorable to the defense and/or *Rosario* material; (2) the grand jury and petit jury were unconstitutionally selected or impaneled; and (3) he received ineffective assistance of counsel, principally because counsel

upon the ground that: .... (h) The judgment was obtained in violation of right of the defendant under the constitution of this state or of the United States.

neglected to interview certain witnesses. (Petition at 5–6, ¶ 12.) By "Response" brief dated January 18, 1996, and letter dated February 5, 1996, Gibriano seeks leave to amend his Petition to add a fourth claim, that he was denied his constitutional right to a speedy trial. Gibriano's application is granted and his Petition is deemed amended to assert this fourth ground.

### ANALYSIS

### GIBRIANO'S HABEAS PETITION MUST BE DISMISSED BECAUSE HE HAS FAILED TO EXHAUST HIS STATE REMEDIES

■ Because Gibriano has failed to exhaust his state court remedies with respect to all of the grounds of his federal habeas petition, the Court must dismiss his entire Petition.

A federal court may not consider the merits of a state prisoner's petition for a writ of habeas corpus until the petitioner has exhausted the state remedies available to him. 28 U.S.C. § 2254(b).[2] While Section 2254 does not directly address the problem of "mixed" habeas petitions, that is, those containing both exhausted and unexhausted claims, the Supreme Court adopted a rule of total exhaustion in *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). The Supreme Court held:

> Because a rule requiring exhaustion of all claims furthers the purposes underlying the habeas statute, we hold that a district court must dismiss such "mixed petitions," leaving the prisoner with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court.

**2.** 28 U.S.C. § 2254(b) provides that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the court of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

*Id.* at 510, 102 S.Ct. at 1199.[3] The Supreme Court explained that the complete "exhaustion doctrine is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. at 518, 102 S.Ct. at 1203.[4]

The Second Circuit has held that "[p]assing on the merits of claims in a habeas petition containing unexhausted claims runs counter to *Rose v. Lundy* . . . ." *Levine v. Commissioner of Correctional Services*, 44 F.3d 121, 125 (2d Cir.1995).

The Second Circuit determines whether a claim has been exhausted by applying a two-step analysis:

> First, the petitioner must have fairly presented to an appropriate state court the same federal constitutional claim that he now urges upon the federal courts. . . . Second, having presented his federal constitutional claim to an appropriate state court, and having been denied relief, the petitioner must have utilized all available mechanisms to secure [state] appellate review of the denial of that claim.

*Klein v. Harris*, 667 F.2d 274, 282 (2d Cir. 1981) (citing cases).

The Court turns, therefore, to Gibriano's four claims on this habeas petition to determine whether all (or for that matter, any) have exhausted state court proceedings.

■ First, Gibriano (through counsel) did raise a speedy trial claim on direct appeal all the way to the New York Court of Appeals. His direct appeal, however, raised only a state statutory speedy trial claim pursuant to CPL § 30.30. (*See* Olson Aff. Ex. B: Gibriano's Briefs to the Appellate Division.) A CPL § 30.30 claim has been held not to raise the federal constitutional speedy trial claim:

**3.** *Accord, e.g., Levine v. Commissioner of Correctional Services*, 44 F.3d 121, 124 (2d Cir.1995); *Grady v. LeFevre*, 846 F.2d 862, 864 (2d Cir. 1988); *Petrucelli v. Coombe*, 735 F.2d 684, 687 (2d Cir.1984).

**4.** However, "a prisoner who decides to proceed only with his exhausted claims and deliberately sets aside his unexhausted claims risks dismissal of subsequent federal petitions." *Id.* at 521, 102 S.Ct. at 1205.

Section 30.30 is a statutory time frame in which the People of the State of New York must be ready for trial; Section 30.30 is not, as such, a statutory embodiment of the constitutional guarantee to a speedy trial.... By contrast, Criminal Procedure Law § 30.20 does embody the federal constitutional right to a speedy trial.... For this reason, when the petitioner twice raised his statutory "speedy trial" claim in the state court under Section 30.30, he did not effectively present to those courts the federal constitutional speedy trial claim that he raises now in this court.... For this reason, the petitioner's speedy trial claim is not exhausted, and the application for a writ of habeas corpus must be dismissed in its entirety.

*Woodard v. Berry,* No. CV–90–1053, 1992 WL 106508 at *2 (E.D.N.Y. April 24, 1992).

 Second, petitioner Gibriano alleges that in a CPL § 440.10 pro se collateral attack, lie raised claims of "violation of due process rights and ineffective ... assistance of counsel." (Petition at 3, ¶ 11.) However, the New York County District Attorneys' Office has advised that "they have no record of such a motion being made." (*See* Olson Aff. ¶ 8.) The Court assumes for purposes of this decision that Gibriano did make such a motion. However, a claim of "violation of due process rights," without more, is too vague to have "fairly presented" the issue to the state court. *See, e.g., Picard v. Connor,* 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971); *Daye v. Attorney General of the State of New York,* 696 F.2d 186, 191–94 (2d Cir.1982) (en banc). For example, in *Petrucelli v. Coombe,* 735 F.2d 684 (2d Cir.1989), the Second Circuit held that a deprivation of "due process" claim was too vague to put the state courts on notice:

"Due process," like "fair trial," can be a catchphrase used by habeas petitioners as part of an allegation about any type of trial court error, including errors in rulings based on state law.... [W]e cannot say

that [petitioner's] allegations that his "due process" or "fair trial" rights were violated could alone have put the state courts on notice that they were to decide a [specific] federal [constitutional] claim.

735 F.2d at 688. Because the Court does not have before it a copy of Gibriano's alleged § 440.10 petition, the Court cannot determine if any facts or case citations in it sufficiently alerted the state court to his constitutional claims. Even if the claims were "fairly presented," however, it is undisputed that Gibriano did not appeal the denial of his § 440.10 petition to the Appellate Division.

The Second Circuit has "held that the exhaustion requirement mandates that federal claims be presented to the highest court of the pertinent state before a federal court may consider the petition.... [Petitioner], by failing to appeal the denial of his Section 440.10 motion, has not fulfilled this requirement with respect to his ineffective assistance claim." *Pesina v. Johnson,* 913 F.2d 53, 54 (2d Cir.1990).

Although over three years has passed since the denial of Gibriano's § 440.10 motion, his claims are not exhausted until presented to the highest state court. As the Second Circuit held in *Pesina:*

While that statutory time limit may ultimately be held by state courts to preclude them from reaching the merits of [petitioner's] ineffective assistance claim, he must still present that claim to the highest state court. We have no authority to declare as a matter of state law that an appeal from the denial of his original Section 440.10 motion is unavailable or that he cannot raise the ineffective assistance claim in a new Section 440.10 action. Until [petitioner] presents his claim to the highest state court—whether or not it seems likely that he will be held to be procedurally barred—he has not exhausted available state procedures.

*Pesina v. Johnson,* 913 F.2d at 54.[5] *See also, e.g., Taylor v. Kirk,* 90 Civ. 5412, 1991

---

**5.** Even if the Court were to find that Gibriano no longer had a way to raise the § 440.10 claims before the Appellate Division, and even if he dropped his "speedy trial" claim, Gibriano would not receive federal habeas relief. A "peti-

tioner who procedurally defaults on his state court remedies is barred from obtaining federal habeas relief unless he can 'demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demon-

WL 173155 at *3 (S.D.N.Y. Aug.27, 1991) ("under New York State law, however, a defendant in a criminal case may move at any time to vacate his conviction on grounds of a federal constitutional violation, where the factual basis of the claim does not appear on the face of the record," citing N.Y. CPL § 440.10).

## CONCLUSION

Petitioner Gibriano has not: exhausted any, let alone all, of his habeas claims. Accordingly, without reaching the merits of those claims, I recommend that his habeas petition be dismissed without prejudice for failure to exhaust his state court remedies.

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from receipt of this Report to file written objections. *See also* Fed.R.Civ.P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable John E. Sprizzo, 40 Centre Street, Room 2201, and to the chambers of the undersigned, 500 Pearl Street, Room 1370. Any requests for an extension of time for filing objections must be directed to Judge Sprizzo. Failure to file objections may result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *IUE AFL–CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1054 (2d Cir.1993), *cert. denied*, 513 U.S. 822, 115 S.Ct. 86, 130 L.Ed.2d 38 (1994); *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir.), *cert. denied*, 506 U.S. 1038, 113 S.Ct. 825, 121 L.Ed.2d 696 (1992); *Wesolek v. Canadair Ltd.*, 838 F.2d 55, 57–59 (2d Cir.1988);

strate that failure to consider the claims will result in a fundamental miscarriage of justice.' " *Ellman v. Davis*, 42 F.3d 144, 147 (2d Cir.1994) (quoting *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 2564, 115 L.Ed.2d 640 (1991)). *See also, e.g., Grey v. Hoke*, 933 F.2d

*McCarthy v. Manson*, 714 F.2d 234, 237–38 (2d Cir.1983).

February 26, 1996.

117, 121 (2d Cir.1991). Petitioner Gibriano has not alleged cause and prejudice nor that there has been a fundamental miscarriage of justice, *i.e.*, a showing of "actual innocence." *Lebron v. Mann*, 40 F.3d 561, 564 (2d Cir.1994).