Rev. Charles **BRESSETTE**, Petitioner,

v.

**NEW YORK STATE DIVISION OF PAROLE et al., Respondent.**

No. 96CV0607.

United States District Court, W.D. New York.

May 27, 1998.

Rev. Charles Bressette, pro se.

Mary C, Baumgarten, Asst. Atty. Gen., Buffalo, NY, for Defendant.

## Decision & Order

SCOTT, United States Magistrate Judge.

The petitioner has filed an application to this Court for habeas corpus relief pursuant to 28 U.S.C. § 2254. On January 31, 1997, the parties filed a consent to have this matter adjudicated before a United States Magistrate Judge.

## Background

The petitioner has filed an application to this Court for habeas corpus relief pursuant

to 28 U.S.C. § 2254 challenging his confinement based upon violations of his conditions of parole. The petitioner also challenges the state's right to impose various conditions to his release. The petitioner is not challenging his original conviction.[1]

The record reflects that petitioner was released on parole on three prior occasions. Petitioner initially was released on parole in July 1988, and was revoked and returned to prison on October 22, 1989 for a six month hold (R. 262, 279, 291). Thereafter, petitioner was released on parole for the second time on May 24, 1990. Almost immediately, the petitioner violated the conditions of his parole by failing to report to his parole officer as required (R. 262, 279, 291). Petitioner was returned to prison on August 22, 1990 for a twelve month hold (R. 262, 279, 291). Petitioner was released on parole for a third time on June 17, 1991. Less than two months later, on August 7, 1991, he once again violated the conditions of his parole (R. 262, 279, 291). Petitioner was returned to prison on December 24, 1991, with a twenty-four month hold (R. 262, 279, 291).

During the petitioner's previous parole releases, his conditions of parole included: (1) that petitioner was prohibited from having contact with minor girls; (2) that he was required to undergo periodic drug testing; (3) that he was prohibited from ingesting alcohol; and (4) the imposition of a curfew and travel restrictions (R. 373, 374, 375, 379, 380, 393, 404, 408). Petitioner appeared before the Parole Board numerous times during his subsequent incarceration (R. 217–363). Ultimately, petitioner was scheduled to appear before the Parole Board in November 1995 and refused to attend, and failed to give a reason for that failure (R. 259, 276, 277). Thereafter, petitioner did appear before the Parole Board on December 12, 1995 and was given an open date for parole release on February 7, 1996, pending the designation of

an approved residence. Subsequently, the Parole Office at Attica obtained and approved the petitioner's release to reside at Traveler's Aid, 200 Green Street, Albany, New York.[2] (See Affidavit of Anthony Molik, dated January 22, 1997 ("the Molik Affidavit") at ¶¶ 3–5, attached as Exhibit A to respondent's Answer.)

On February 5, 1996, a parole supervisor met with the petitioner to explain the conditions of his parole, provide him instructions for reporting to his field Parole Officer and to have the petitioner sign the Certificate of Release to Parole Supervision. At that time, Bressette refused to sign the Certificate of Release to Parole Supervision stating that he did not want to leave until he received orthopedic shoes previously ordered by the medical staff at the Attica Correctional Facility. (Molik Affidavit at ¶¶ 7–8). Later, the petitioner advised the Parole Office that he did not want to go back to Albany, and instead wanted to go to an address in Florida. The Florida address was investigated and rejected by Florida authorities. (Molik Affidavit at ¶ 14). The petitioner then advised the Parole Office that he wanted to be released in the Buffalo area and that he was working on a Williamsville, New York address. Apparently unable to come up with a Buffalo area address, the petitioner then proposed the Salvation Army, Men's Emergency Housing in Rochester, New York. This was determined not to be an acceptable, stable residence and was rejected by the Parole Office. (Molik Affidavit at ¶ 19). Subsequently, the petitioner again advised the Parole Office that he wanted to be released either to the Rochester address or to some place in the Buffalo area, but has not submitted any other proposed addresses. (Molik Affidavit at ¶¶ 20–25).

The respondent contends that, at this point, the petitioner is in custody only because he has refused to sign the Certificate

---

1. Petitioner plead guilty to murder (Class A felony) and was sentenced in Albany County on October 16, 1968 to period of 15 years to life (R. 305, 431–434). The record establishes that on July 26, 1968, petitioner and his wife, while engaged in the crime of burglary at the residence of Clarence Macy, killed Clarence Macy by strangulation (R. 295, 305, 309, 365–366).

2. The New York State Division of Parole requires an individual to be released in the county of commitment, in this case Albany County, unless the individual provides an alternate (suitable and stable) residence elsewhere. (Molik Affidavit at ¶¶ 10, 14, 16, 19, 21).

of Release to Parole Supervision which includes the conditions imposed, he refuses to be released to the approved residence in Albany and he has failed to provide an appropriate alternate residence upon release.

## Discussion

### Exhaustion

■ In the interest of comity and in keeping with the requirements of 28 U.S.C. § 2254(b), federal courts will not consider a constitutional challenge that has not first been "fairly presented" to the state courts.[3] See *Ayala v. Speckard,* 89 F.3d 91 (2d Cir. 1996) citing *Picard v. Connor,* 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971); *Daye v. Attorney General of New York,* 696 F.2d 186, 191 (2d Cir.1982) (*en banc* ), *cert. denied,* 464 U.S. 1048, 104 S.Ct. 723, 79 L.Ed.2d 184 (1984). A state prisoner seeking federal habeas corpus review must first exhaust his available state remedies with respect to the issues raised in the federal habeas petition. *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). To meet this requirement, the petitioner must have raised the question in a state court and put the state appellate court on notice that a *federal constitutional claim* was at issue. See *Grady v. Le Fevre,* 846 F.2d 862, 864 (2d Cir.1988); *Petrucelli v. Coombe,* 735 F.2d 684, 688–89 (2d Cir.1984).

Petitioner has filed several state habeas corpus petitions and Article 78 petitions. Based upon the language in the instant petition, it is difficult to discern whether all of the claims asserted herein have been included in his various state court filings.[4]

Notwithstanding the questions as whether all of the claims asserted in the instant petition have in fact been exhausted by the petitioner, the Court will review the merits of the petition pursuant to 28 U.S.C. § 2254(b)(2).

### Standard of Review

■ State court findings of "historical" facts, and inferences drawn from those facts, are entitled to a presumption of correctness. *Matusiak v. Kelly,* 786 F.2d 536, 543 (2d Cir.), *cert. denied,* 479 U.S. 805, 107 S.Ct. 248, 93 L.Ed.2d 172 (1986). (See also 28 U.S.C. § 2254(e)(1) which states that "a determination of a factual issue made by a State court shall be presumed to be correct.")

As amended by the Antiterrorism and Effective Death Penalty Act of 1996[5] ("AEDPA"), § 2254(d) of Title 28 provides that a habeas corpus petition may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of that claim:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

■ The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. The presumption of correctness attaches to findings both by state trial courts and by state appellate courts. *Smith v. Sullivan,* 1998 WL 156668 (W.D.N.Y.1998)(Larimer, C.J.); *Nevius v. Sumner,* 852 F.2d 463, 469 (9th Cir. 1988), *cert. denied,* 490 U.S. 1059, 109 S.Ct. 1972, 104 L.Ed.2d 441 (1989).

Prior to the enactment of the AEDPA, which substantially amended the habeas corpus statutes, § 2254(d) provided that a state court "determination after a hearing on the merits of a factual issue ... shall be presumed to be correct," unless certain specified exceptions existed. AEDPA, then, changed the language dealing with the presumption of

---

3. Section 2254(b)(2) provides the Court with discretion to *deny* (but not to grant) an application for a writ of habeas corpus on the merits notwithstanding the failure of the applicant to exhaust state court remedies.

4. Although petitioner's previous state court petitions challenges certain parole proceedings, in his current petition he fails to clearly specify which proceedings he is protesting.

5. Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104–132, 110 Stat. 1214.

correctness of state court findings of fact and moved it to § 2254(e), and also added the current version of § 2254(d). As noted by Chief Judge David G. Larimer in *Smith*, "the new version of § 2254(d) has clearly raised the bar for habeas petitioners, placing on them the burden to show by clear and convincing evidence that the state court decision was defective in some way." *Smith*, 1998 WL 156668 at *3. The amended statute "requires federal courts 'to give greater deference to the determinations made by state courts than they were required to do under the previous law.'" *Ford v. Ahitow*, 104 F.3d 926, 936 (7th Cir.1997) (*quoting Emerson v. Gramley*, 91 F.3d 898, 900 (7th Cir. 1996) *cert. denied*, —— U.S. ——, 117 S.Ct. 1260, 137 L.Ed.2d 339 (1997)); see also *Houchin v. Zavaras*, 107 F.3d 1465, 1470 (10th Cir.1997) ("AEDPA increases the deference to be paid by the federal courts to the state court's factual findings and legal conclusion").

**Matters relating to the time assessment**

 The petitioner argues that he has served too long of a sentence on his parole violation. However, as noted above, the petitioner's maximum sentence is life imprisonment. The petitioner has no inherent constitutional right to parole nor a protected liberty interest created by mandatory state parole laws. *Greenholtz v. Nebraska Penal Inmates*, 442 U.S. 1, 7, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979); *Hewitt v. Helms* 459 U.S. 460, 467, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983); *Board of Pardons v. Allen*, 482 U.S. 369, 373, 107 S.Ct. 2415, 96 L.Ed.2d 303(1987). See also *Boothe v. Hammock*, 605 F.2d 661 (2d Cir.1979)(in which the Second Circuit embraced the Supreme Court's declaration in *Greenholtz* that the establishment of a parole system does not in itself give rise to due process rights in parole procedures). Although due process must be observed in the revocation of parole status (*Vitek v. Jones*, 445 U.S. 480, 488, 100 S.Ct. 1254, 63 L.Ed.2d 552 (1980)), the petitioner does not challenge the propriety of the revocation of his prior parole status. Finally, although the petitioner alleges that the Parole Office violated its own standards, citing to 9 N.Y.C.R.R. § 8002.6, by failing to calculate his time assessment "in months," such a violation would not rise to constitutional dimension in light of *Greenholtz* and *Boothe*.

**Conditions of Parole**

 The petitioner also challenges the imposition of certain conditions to his parole status. Principally, the petitioner objects to the imposition of conditions which prohibit him from having contact with minors, require that he submit to periodic drug testing, refrain from the use of alcohol, and which call for an "area supervisor alert."

The imposition of conditions and special conditions upon release are authorized by statute at 9 N.Y.C.R.R. §§ 8003.2 and 8003.3. The petitioner challenged the imposition of some of these conditions in an Article 78 proceeding in the New York State Supreme Court, County of Wyoming. In a Memorandum and Judgment dated April 30, 1997, the State Court held that it was within the state parole division's discretion to impose such conditions. This determination is not contrary to, nor an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States. See 28 U.S.C. § 2254(d). Indeed, in light of *Greenholtz* and *Boothe*, the imposition of such conditions is not the subject of federal habeas corpus review.

**Other Claims**

 The petitioner also asserts that his request to be released to the address in Florida was improperly denied because he could not afford to pay for a bus ticket to Florida. Further, the petitioner claims that the denial of his parole release is a violation of his Eighth and Fourteenth Amendment rights.

As noted above, the petitioner's release to the Florida address was rejected by parole authorities in Florida. In any event, once again in light of *Greenholtz* and *Boothe*, such claims are not the subject of federal habeas corpus review.

**Conclusion**

Based on the above, the instant petition for habeas corpus relief is **DENIED**. The Court declines to issue a certificate of appealability because the petitioner has not made a sub-

stantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(1) and Fed. R. App. P. 22(b).

So ordered.