**Rodolfo RODRIGUEZ, Petitioner,**

v.

**John SABOURIN, Respondent.**

**No. 02 Civ. 3364(VM).**

United States District Court, S.D. New York.

July 29, 2003.

3. To conclude otherwise would render nugatory the limitation period embodied in § 2244(d)(1).

Rodolfo Rodriguez, Malone, NY, pro se.

Morrie I. Kleinbart, Office of Dist. Atty., New York City, for John Sabourin.

### DECISION AND ORDER

MARRERO, District Judge.

*Pro se* petitioner Rodolfo Rodriguez ("Rodriguez"), incarcerated at New York State's Bare Hill Correctional Facility ("Bare Hill"), seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Rodriguez alleges violations of his various rights under the United States Constitution in connection with his conviction for second degree robbery. The New York County District Attorney's Office filed an opposition on behalf of respondent John Sabourin, the Superintendent of Bare Hill ("Sabourin" or the "State"). For the reasons set forth below, Rodriguez's petition in DENIED.

### I. BACKGROUND [1]

On March 5, 1998, following a jury trial, Rodriguez was convicted in New York

---

1. The factual recitation described below is derived primarily from Rodriguez's Petition

State Supreme Court, New York County, of second degree robbery in violation of New York Penal Law ("NYPL") § 160.10(2)(a). Rodriguez's conviction arose from events that occurred on October 2, 1998, when, as later established at trial, Rodriguez robbed livery cab driver Ramon Mota ("Mota") at gunpoint following a fare dispute. Rodriguez was arrested that same night in his apartment shortly after the incident.

On February 10 and February 11, 1999, a *Wade*,[2] *Huntley*,[3] *Dunaway*[4] hearing was held before the State Supreme Court, after which the court denied Rodriguez's various suppression motions. The case proceeded to trial before a jury on February 15, 1999, but on the following day, the trial court declared a mistrial because a personal family crisis prevented defense counsel from continuing the trial.

A new trial before another jury commenced on March 2, 1999. During a jury charge conference, Rodriguez's counsel requested that the jury be instructed on the law of justification (the "Justification Charge"). Rodriguez's counsel contended that because there was evidence of a fight between Rodriguez and the victim, and because it was unclear how Rodriguez himself had sustained some injuries, the instruction was "relevant in this case based on the fact and credibility of the witness." (Answer at 4.) The trial court denied Rodriguez's request, and on March 5, 1999, the jury convicted Rodriguez of one count of second degree robbery in violation of New York Penal Law ("NYPL") § 120.05(2), and acquitted him of a second count of second degree robbery and of second degree assault. On April 23, 1999, the trial court sentenced him to a term of four and one-half years imprisonment, to run consecutive to an undischarged term of imprisonment imposed pursuant to a separate felony conviction.

In his appeal to the New York State Supreme Court, Appellate Division, First Department (the "Appellate Division"), Rodriguez argued that the jury's guilty verdict was against the weight of the evidence, and that the State court incorrectly declined his request for a Justification Charge. On February 15, 2001, the Appellate Division affirmed Rodriguez's conviction. *See People v. Rodriguez*, 280 A.D.2d 370, 720 N.Y.S.2d 347, 347 (App. Div. 1st Dep't 2001). The New York Court of Appeals denied Rodriguez's leave to appeal on May 3, 2001. *See People v. Rodriguez*, 754 N.E.2d 214, 214 (N.Y.2001). On May 1, 2002, Rodriguez filed the instant Petition, alleging two grounds of relief, that: (1) his conviction was against the weight of the evidence; and (2) the trial court erred in refusing to grant his request for a Justification Charge.

## II. DISCUSSION

### A. STANDARD OF REVIEW

■ Rodriguez's Petition is governed by 28 U.S.C. § 2254 as amended by the Anti-

---

Under 28 U.S.C. § 2254 For Writ of Habeas Corpus By A Person In State Custody (the "Petition") dated February 27, 2002 and accompanying exhibits, and from the Answer, Memorandum Of Law, And Exhibits dated December 23, 2002 (the "Answer"). Additional citations to the record appear as necessary.

2. A *Wade* hearing is held to decide the admissibility of identification evidence. *See United*

States *v. Wade*, 388 U.S. 218, 222–23, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967).

3. *Huntley* hearing is held to decide the admissibility of a defendant's statements. *See People v. Huntley*, 15 N.Y.2d 72, 255 N.Y.S.2d 838, 204 N.E.2d 179, 182–84 (1965).

4. A *Dunaway* hearing is held to decide the admissibility of a confession following an arrest. *See Dunaway v. New York*, 442 U.S. 200, 218–19, 99 S.Ct. 2248, 60 L.Ed.2d 824 (1979).

Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See Morris v. Reynolds,* 264 F.3d 38, 42 (2d. Cir.2001). The AEDPA provides in relevant part that

an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim ... resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States....

28 U.S.C. § 2254(d)(1). The Second Circuit has observed that the "AEDPA 'placed a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus,' but only 'with respect to claims adjudicated on the merits in state court.'" *Jenkins v. Artuz,* 294 F.3d 284, 291 (2d Cir.2002) (quoting *Williams v. Taylor,* 529 U.S. 362, 412, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000)). Otherwise, the pre-AEDPA *de novo* standard of review applies. *See Washington v. Schriver,* 255 F.3d 45, 55 (2d Cir.2001).

■ Habeas review by a federal court is available only after a state prisoner has "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254; *see O'Sullivan v. Boerckel,* 526 U.S. 838, 842, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); *Picard v. Connor* 404 U.S. 270, 275–76, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971); *Bossett v. Walker,* 41 F.3d 825, 828–29 (2d Cir. 1994). To satisfy this exhaustion requirement, a petitioner must "fairly present" each claim to each level of the state court system to which he is entitled to seek relief. *See Coleman v. Thompson,* 501 U.S. 722, 731–32, 735 n. 1, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). Furthermore,

federal habeas review is unavailable when a state court relies on an adequate and independent state law ground to reject or dispose of a given claim, unless the petitioner can show cause for his default and prejudice therefrom. *See Coleman,* 501 U.S. at 729, 111 S.Ct. 2546; *Garcia v. Lewis,* 188 F.3d 71, 76–77 (2d Cir.1999).

### B. *WEIGHT OF THE EVIDENCE*

Rodriguez first claims that his robbery conviction was against the weight of the evidence. On appeal to the Appellate Division and in his Petition, Rodriguez concedes that the evidence at trial was "legally sufficient" to support his conviction. (*See* Rodriguez Brief To Appellate Division dated August 1, 2000 ("Rodriguez App. Div. Br.").) Yet Rodriguez nevertheless argues that "a review of the record as a whole leaves the inescapable conclusion that the trier of fact failed to give the evidence the weight it should have been accorded, and the verdict was against the weight of the evidence." (*Id.* at 11.)

■ Challenges to the weight of the evidence supporting a conviction, unlike challenges to the sufficiency of the evidence, are beyond the purview of federal habeas review. *See United States v. Dhinsa,* 243 F.3d 635, 675 (2d. Cir.2001); *Brown v. Superintendent,* No. 02 Civ. 4810, 2003 WL 1948803, at *4 (S.D.N.Y. Apr.23, 2003); *Bullard v. Fischer,* No. 02 Civ. 9312, 2003 WL 21040179, at *8 (S.D.N.Y. May 8, 2003). Therefore, the Court cannot review Rodriguez's claim that the verdict is against the weight of the evidence. Accordingly, Rodriguez's petition for habeas relief on this basis must be dismissed.

### C. *JUSTIFICATION CHARGE*

■ Rodriguez's second claim is that the trial court erred in denying his request for a Justification Charge and, in turn, his request to assert a justification defense.

At trial, Rodriguez requested that the court instruct the jury on the law of justification in relation to the physical injuries underlying the assault count pending against him. His theory alleged that a fight occurred between him and Mota, and since it was, in his view, "unclear" how Rodriguez sustained cuts to his hand and head, he was thus entitled to argue self-defense. (*See* Brief For Respondent dated December 2000 at 19 (attached as Ex. A to Answer).) The trial court declined to give the instruction, but Rodriguez was nevertheless acquitted of assault. On direct appeal to the Appellate Division, Rodriguez abandoned his trial theory and maintained for the first time that he was entitled to a Justification Charge in relation to the *robbery* count because "a reasonable interpretation of these facts [of the case] . . . would lead to the conclusion that appellant [Rodriguez] was the victim of a robbery. He was beaten and defended himself, cutting his attacker [Mota] and driving him off. . . ." (Rodriguez App. Div. Br. at 15.) The Appellate Division, presumably rejecting this contention, unanimously affirmed the trial court's decision. *See Rodriguez*, 720 N.Y.S.2d at 347.

■ The United States Supreme Court has made clear that when a state court relies on a procedural rule under state law to reject a claim subsequently asserted as a federal claim in a habeas proceeding, this "adequate and independent state ground" bars federal habeas corpus review unless the petitioner can show cause for his default and prejudice therefrom, or demonstrate that failure to consider the federal claim will result in a "fundamental miscarriage of justice." *Harris v. Reed*, 489 U.S. 255, 261–62, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989); *see Wainwright v. Sykes*, 433 U.S. 72, 84, 97

S.Ct. 2497, 53 L.Ed.2d 594 (1977); *Friedgood v. Keane*, 51 F.Supp.2d 327, 336 (E.D.N.Y.1999). Federal habeas review is prohibited if the "last state court rendering a judgment in the case clearly and expressly states that its judgment rests on a state procedural bar." *Levine v. Comm'r of Corr. Servs.*, 44 F.3d 121, 126 (2d Cir.1995); *see Jones v. Vacco* 126 F.3d 408, 415 (2d Cir.1997); *Velazquez v. Murray*, No. 02 Civ. 2564, 2002 WL 1788022, at *8 (S.D.N.Y Aug. 2, 2002).

■ The last State court to render judgment on Rodriguez's Justification Charge claim was the Appellate Division,[5] pursuant to Rodriguez's direct appeal. That court held that review of that claim was procedurally barred, explaining: "[T]o the extent that the defendant is arguing on appeal that justification should have been charged with respect to the robbery count upon which he was convicted, his present theory is unpreserved and we decline to review it in the interest of justice." *Rodriguez*, 720 N.Y.S.2d at 347. In so holding, the Appellate Division applied the so-called "contemporaneous objection rule," a well-settled principle of New York law, which preserves for appellate review only those questions of law as to which "a protest . . . was registered, by the party claiming error, at the time of such ruling or instruction or at any subsequent time when the court had an opportunity of effectively changing the same." New York Criminal Procedure Law ("NYCPL") § 470.05.

The Second Circuit has consistently recognized the state courts' application of NYCPL § 470.05 as adequate to bar federal habeas review, *see Murray*, 2002 WL 1788022, at *8, *Bossett*, 41 F.3d at 829 n. 2, and has held that failure to object at trial in accordance with this rule constitutes an

---

**5.** The New York Court of Appeals denied Rodriguez leave to appeal the Appellate Division's decision on May 3, 2001. *See Rodriguez*, 754 N.E.2d at 214.

adequate and independent state ground to dismiss a claim, *see Velasquez v. Leonardo,* 898 F.2d 7, 9 (2d Cir.1990); *see also Wainwright,* 433 U.S. at 86–87, 90, 97 S.Ct. 2497. Consequently, Rodriguez's Justification Charge claim was not preserved and thus procedurally defaulted pursuant to NYCPL § 470.05. In turn, the claim is unexhausted for purposes of federal habeas review. *See Levine v. Commissioner of Corr. Servs.,* 44 F.3d 121, 124 (2d Cir.1995) (a claim not fairly presented to the highest State court is unexhausted for purposes of federal habeas review); *Daye v. Attorney Gen. of New York,* 696 F.2d 186, 191 (2d Cir.1982) (same).

Moreover, the subsequent order of the New York Court of Appeals denying without comment Rodriguez's application for leave to appeal the Appellate Division's decision does not change this result. *See Ylst v. Nunnemaker,* 501 U.S. 797, 803, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991) ("[W]here ... the last reasoned opinion on the claim explicitly imposes a procedural default, we will presume that a later decision rejecting the claim did not silently disregard that bar and consider the merits."). Since Rodriguez has made no attempt to show cause for this default or prejudice, and because no fundamental miscarriage of justice is apparent,[6] the Court will not review Rodriguez's present claim.

■■■ In the alternative, the State argues that Rodriguez's Justification Charge claim is also unexhausted because he failed to raise the claim before the Appellate Division in federal constitutional terms. The Second Circuit has held that a habeas petitioner must alert the State appellate court to the constitutional nature of his claim. *See Grady v. LeFevre,* 846 F.2d 862, 864 (2d Cir.1988); *Petrucelli v. Coombe,* 735 F.2d 684, 688–89 (2d Cir. 1984). In *Daye,* the Second Circuit, sitting en banc, explained

> the ways in which a state defendant may fairly present to the state courts the constitutional nature of his claim, even without citing chapter and verse of the Constitution, [which] include (a) reliance on pertinent federal cases employing constitutional analysis, (b) reliance on state cases employing constitutional analysis in like fact situations, (c) assertion of the claim in terms so particular as to call to mind a specific right protected by the Constitution, and (d) allegation of a pattern of facts that is well within the mainstream of constitutional litigation.

696 F.2d at 194. A review of Rodriguez's brief submitted to the Appellate Division demonstrates that he relies only on New York State court decisions. (*See* Rodriguez App. Div. Br. at 14, 15.) Moreover, the cases to which he does cite do not discuss the Justification Charge issue in terms of federal law, but rather in terms of New York common law. (*See e.g., People v. Watts,* 57 N.Y.2d 299, 456 N.Y.S.2d 677, 442 N.E.2d 1188, 1189–90 (1970); *People v. Powell,* 112 A.D.2d 450, 492 N.Y.S.2d 106, 106 (App. Div. 2nd Dep't 1985); *People v. Flores,* 75 A.D.2d 649, 427 N.Y.S.2d 275, 276 (App. Div. 2nd Dep't 1980)).

In *Grady,* the petitioner relied on New York State authority to challenge his conviction on appeal, with only a single reference to "constitutional rights" in his Appellate Division reply brief. The Second Circuit held that "the appellant's state court brief failed to alert the state courts to the alleged federal nature of his claim,"

---

**6.** In this regard, the Court notes that the Appellate Division stated in its decision affirming Rodriguez's conviction that: "Were we to review this claim, we would find it to be without merit." *Rodriguez,* 720 N.Y.S.2d at 347.

noting that "it is simply not enough that the policy concerns at issue in the state cases cited to the state courts were similar to the policy concerns supporting the federal constitutional claim that the habeas petitioner seeks to assert." *Grady,* 846 F.2d at 865; *see also Davis v. Strack,* 270 F.3d 111, 122 (2d Cir.2001) (holding that a single mention of the Fourteenth Amendment in petitioner's Appellate Division brief sufficiently alerted the state courts to the federal nature of his claim). Here, Rodriguez made *no* reference to federal constitutional rights in his Appellate Division brief. Consequently, he did not alert the state courts to the federal constitutional nature of his claim. Rodriguez's Justification Charge claim is therefore unexhausted and accordingly ineligible for habeas review by this Court on this basis as well.

### III. *CONCLUSION AND ORDER*

For the reasons set forth above, it is hereby

**ORDERED** that Rodolfo Rodriguez's petition for a writ of habeas corpus is DENIED.

■ As Rodriguez has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); *United States v. Perez,* 129 F.3d 255, 259–60 (2d Cir.1997). Pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that any appeal from this Decision and Order would not be taken in good faith. *See Coppedge v. United States,* 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962).

The Clerk of Court is directed to close this case.

**SO ORDERED.**