■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE FLUELLEN, Appellant. [599 NYS2d 574] —Judgment, Supreme Court, New York County (Joan B. Carey, J.), rendered March 14, 1990, convicting defendant, after jury trial, of two counts of conspiracy in the second degree, two counts of murder in the second degree, and one count each of burglary in the second degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, and sentencing him to concurrent terms of 8 to 24 years on each conspiracy count, to be served consecutively to concurrent terms of 22 years to life, 5 to 15 years, and 2⅓ to 7 years on the murder, burglary, and weapon possession counts, unanimously affirmed.

Viewing the evidence in the light most favorable to the People and giving them the benefit of every reasonable inference *(People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932), the People overwhelmingly proved defendant's guilt of the crimes charged *(People v Bleakley,* 69 NY2d 490). The circumstances surrounding the presentation of testimony by all witnesses were properly placed before the jury. Their determinations of credibility, not unreasonable, will not be disturbed by this Court *(People v Fonte,* 159 AD2d 346, *lv denied* 76 NY2d 734).

The trial court properly exercised its discretion in denying defendant's motion for a mistrial based upon brief testimony about "what somebody in the audience may or may not have done" *(People v Ortiz,* 54 NY2d 288). The trial court's explicit curative instructions served to cure any possible prejudice to defendant, and it is presumed that the jury understood and followed those instructions *(People v Davis,* 58 NY2d 1102, 1104).

As murder is not a material element of the drug conspiracy charges herein, the trial court properly imposed consecutive sentences on those counts *(see,* Penal Law § 70.25 [2]). In all other respects, we perceive no abuse of discretion in sentencing.

We have reviewed defendant's additional arguments including those raised in the supplemental *pro se* brief and find

them to be either unpreserved or without merit. Concur—Carro, J. P., Ellerin, Rubin and Nardelli, JJ.