**Nelson O. DUARTE, Petitioner,**

v.

**Warden HERSHBERGER, et al., Respondents.**

**Civil Action No. 96–2110.**

United States District Court, D. New Jersey.

Dec. 2, 1996.

Nelson O. Duarte, Administrative Maximum Facility, Florence, CO, Pro Se.

Wendy Alice Way, Deputy Attorney General, Office of the Attorney General, Trenton, NJ, for Respondents.

## OPINION

WOLIN, District Judge.

Petitioner Nelson O. Duarte ("Duarte"), currently confined at the Administrative Maximum Facility in Florence, Colorado, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a).[1] In support of his application, petitioner claims that the trial court (1) lacked jurisdiction over his case, (2) refused to declare a mistrial or conduct a voir dire examination of a juror at trial, and (3) restricted the petitioner's right to effective cross-examination. Petitioner further contends that he was denied effective assistance of counsel.

The government opposes the petition, arguing that (1) Duarte has failed to exhaust his state remedies pursuant to the "total exhaustion doctrine," (2) the application is barred by a procedural default, and (3) Duarte has failed to state a claim upon which relief may be granted. For the reasons set forth below, the petition will be dismissed without prejudice.

## BACKGROUND

The Court has reviewed the record of petitioner's trial and appeals. From this record, the Court gleans the following factual information. On June 19, 1980, Duarte was indicted for various offenses arising out of the March 25, 1980 siege of the Essex County Jail, Newark, New Jersey. *See* Indictment No. 2947–79. A jury trial was held in the Superior Court of New Jersey, Law Division from July 20 to July 30, 1982. The jury convicted Duarte on three counts: (1) third degree attempted escape, in violation of N.J.S.A. 2C:29–5 and N.J.S.A. 2C:5–1, (2) committing acts of riot in the fourth degree, in violation of N.J.S.A. 2C:33–1(a), and (3) third degree possession of an implement of escape, in violation of N.J.S.A. 2C:29–6a.

On August 4, 1982, the trial court sentenced petitioner to two consecutive five-year terms (ten years) for attempted escape and possession of an implement of escape. Petitioner was also sentenced to an eighteen-month concurrent term for committing acts of riot. The trial court further assessed a $1500 Violent Crimes Compensation Board penalty ($500 per conviction).

Duarte appealed to the New Jersey Superior Court, Appellate Division. By opinion dated November 13, 1985, the Appellate Division affirmed Duarte's conviction and sentences. Shortly thereafter, the petitioner filed a notice of petition to the New Jersey Supreme Court. On October 15, 1986, that petition was denied. Duarte then slumbered for ten years before filing this application for a writ of habeas corpus on May 7, 1996.

## DISCUSSION

### 1. The Antiterrorism and Effective Death Penalty Act of 1996

■ The Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA" or the "Act") was signed into law on April 24, 1996. *See* Pub.L. No. 104–132, 110 Stat. 1214 (codified as amended at 28 U.S.C. §§ 2244 & 2254). Congress did not provide an effective date for the Act; however, it is presumed that the law became effective on April 24, 1996. *United States v. Ferryman*, 897 F.2d 584, 588–89 (1st Cir.) (recognizing the general presumption that federal statutes become effective when signed into law), *cert.*

---

1. Section 2254(a) provides:
   The Supreme Court, a justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

*denied,* 498 U.S. 830, 111 S.Ct. 90, 112 L.Ed.2d 62 (1990).

The Act established a new one-year statute of limitations within which a habeas case must be filed.[2] *See* 28 U.S.C. § 2244(d)(1). Here, Duarte filed for habeas relief nearly ten years after the New Jersey Supreme Court denied certification, but only thirteen days after the AEDPA was signed into law.

■ As a threshold issue, therefore, the Court must first determine the applicability of the new one-year statute of limitations to pending non-capital habeas cases. This issue is one of first impression in this district.

The Supreme Court has held that in the absence of clear congressional intent to the contrary, a presumption against retroactive legislation should apply. *Landgraf v. USI Film Prod.,* 511 U.S. 244, 280, 114 S.Ct. 1483, 1508, 128 L.Ed.2d 229 (1994); *see also Kaiser Aluminum & Chem. Corp. v. Bonjorno,* 494 U.S. 827, 842–44, 855–56, 110 S.Ct. 1570, 1579–81, 1586–87, 108 L.Ed.2d 842 (1990) (Scalia, J., concurring). This presumption implicates basic notions of justice and fairness which are deeply rooted in our nation's jurisprudence. *Landgraf,* 511 U.S. at 265, 114 S.Ct. at 1497 (citing *Kaiser,* 494 U.S. at 842–46, 110 S.Ct. at 1579–82 (Scalia, J., concurring)); *see also General Motors Corp. v. Romein,* 503 U.S. 181, 191, 112 S.Ct. 1105, 1112, 117 L.Ed.2d 328 (1992).

Retroactive legislation may act to "deprive citizens of legitimate expectations and upset settled transactions." *Romein,* 503 U.S. at 191, 112 S.Ct. at 1112. Additionally, retroactive legislation may deny individuals of fair notice and the opportunity to adjust their conduct accordingly. *Landgraf,* 511 U.S. at 265, 114 S.Ct. at 1497. Requiring Congress to express clear intent to apply legislation retroactively "ensure[s] that Congress itself has determined that the benefits of retroac-

tivity outweigh the potential for disruption or unfairness." *Id.* at 268, 114 S.Ct. at 1498.

Along with the general presumption against retroactive legislation, the Supreme Court has also recognized that the Constitution may require states to provide individuals a "reasonable time" to file their claims where such claims would be barred by a new limitations period. *Block v. North Dakota ex rel. Bd. of Univ. and Sch. Lands,* 461 U.S. 273, 286 n. 23, 103 S.Ct. 1811, 1819 n. 23, 75 L.Ed.2d 840 (1983) (citing *Texaco, Inc. v. Short,* 454 U.S. 516, 527 n. 21, 102 S.Ct. 781, 791 n. 21, 70 L.Ed.2d 738 (1982)). The Court in *Short* explained that a limitations period which bars existing claims is " 'an unlawful attempt to extinguish rights arbitrarily, whatever might be the purport of its provisions.' " 454 U.S. at 527 n. 21, 102 S.Ct. at 791 n. 21 (quoting *Wilson v. Iseminger,* 185 U.S. 55, 62–63, 22 S.Ct. 573, 575, 46 L.Ed. 804 (1902)).

Other circuits have also recognized that the application of a shortened limitations period to claims accrued before, but filed after, the effective date of the shortened period may implicate retroactivity concerns and be manifestly unfair. *See Vernon v. Cassadaga Valley Cent. Sch. Dist.,* 49 F.3d 886, 891–92 (2d Cir.1995) (Cabranes, C.J., concurring); *Hanner v. State of Mississippi,* 833 F.2d 55, 57–58 (5th Cir.1987) (concluding that a shortened limitation period that bars pre-accrued claims must provide plaintiffs with a "reasonable time" in which to file their claims); *Usher v. City of Los Angeles,* 828 F.2d 556, 559–61 (9th Cir.1987) (holding that shortened limitations periods that offer no opportunity to adjust conduct accordingly significantly prejudice plaintiffs).

In the case at bar, Congress has not stated whether the new limitations period should apply to pending non-capital habeas cases.[3]

---

**2.** Prior to this amendment, there was no corresponding statute of limitations. Federal Habeas Corpus Court Rule 9(a) provided the only limit. *See* 28 U.S.C. § 2254 Rule 9(a) (A habeas petition may be dismissed when "it appears that the state . . . has been prejudiced in its ability to respond . . . by delay in its filing. . . ."). A prisoner, however, could wait ten years without transgressing Rule 9(a). *Lindh v. Murphy,* 96 F.3d 856, 866 (7th Cir.1996), *petition for cert. filed,* No. 96-

6298 (Oct. 10, 1996) (citing *Lonchar v. Thomas,* —— U.S. ——, 116 S.Ct. 1293, 134 L.Ed.2d 440 (1996)).

**3.** The Court is aware that section 107(c) of the Act provides that the amendments apply to capital habeas cases "pending on or after the date of enactment." The Court, however, agrees with the Second Circuit that this specification "carries

In the absence of a clear statement from Congress, the Court concludes that the *Landgraf* presumption controls and the new one-year statute of limitations applies only prospectively to pending non-capital habeas cases.

The issue then becomes what constitutes a "reasonable time" or grace period in the habeas context. More specifically, within what period after the effective date of the Act must a petitioner file his pending non-capital habeas case.

Where a shortened limitations period would bar pre-accrued claims, other circuits have provided claimants the shorter of: (1) the pre-shortened limitation period, commencing at the time the action accrued; or (2) the shortened limitation period, commencing from the date the statute became effective. *See Kelly v. Burlington Northern R.R.,* 896 F.2d 1194, 1199 (9th Cir.1990) (labor context); *Hanner,* 833 F.2d at 58 (section 1983 context); *Anton v. Lehpamer,* 787 F.2d 1141, 1146 (7th Cir.1986) (section 1983 context); *Usher,* 828 F.2d at 561 (section 1983 context). Under this method, petitioners who are not time-barred under the prior limitations period, receive a grace period equal to the new limitations period.

The above method is appropriate in the habeas corpus context. *Accord Flowers v. Hanks,* 941 F.Supp. 765, 771 (N.D.Ind.1996). This method strikes an appropriate balance between concerns of fairness and the desire to facilitate congressional intent. Application of the shortened limitations period retroactively would deny habeas petitioners of notice and the opportunity to modify their conduct accordingly. The Court, therefore, concludes that Duarte is entitled to a one-year grace period in which to file his claim. As noted before, Duarte filed his claim on May 7, 1996, well before the April 24, 1997 deadline. Thus, his action is not time-barred.

**2. Exhaustion of State Remedies**

■ The Court next considers whether Duarte has exhausted his state remedies. Generally, federal courts refuse to hear habeas cases where any of the petitioner's claims

were not litigated and appealed at the state court level. The amended sections 2254(b) and (c) provide in relevant part:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall *not be granted unless* it appears that—
>
>> (A) the applicant has exhausted the remedies available in the courts of the State; or
>>
>> (B)(i) there is an absence of available State corrective process; or
>>
>>> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus *may be denied notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.*
>
> . . .
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. §§ 2254(b), (c) (emphasis added).

In *Rose v. Lundy,* 455 U.S. 509, 522, 102 S.Ct. 1198, 1205, 71 L.Ed.2d 379 (1982), the Supreme Court announced a "total exhaustion rule" which requires habeas petitioners to fully exhaust all of their claims at the state court level. As established, this rule requires district courts to dismiss habeas petitions that contain a mixture of both exhausted and unexhausted claims. *Id.*

The total exhaustion rule promotes comity and ensures that federal courts will not consider claims "until after the state courts have . . . an opportunity to act." *Rose,* 455 U.S. at 515–16, 102 S.Ct. at 1201–02. This requirement "serves to minimize friction between our federal and state systems of justice by allowing the State an initial opportunity to pass upon and correct alleged prisoners' federal rights." *Duckworth v. Serrano,* 454 U.S. 1, 3, 102 S.Ct. 18, 19, 70 L.Ed.2d 1

no negative implication to other habeas cases."

*Reyes v. Keane,* 90 F.3d 676, 679 (2d Cir.1996).

(1981) (per curiam); *see also Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971). Another reason to provide state courts the initial opportunity to act is that fully exhausted claims are often "accompanied by a complete factual record" which serves to "aid federal courts in their review." *Rose*, 455 U.S. at 519, 102 S.Ct. at 1203.

Respondents argue that petitioner's entire application must be dismissed pursuant to the "total exhaustion doctrine." Indeed, Duarte has not exhausted his state remedies with respect to his claim of ineffective assistance of counsel. Pursuant to the 1996 AEDPA amendments, however, the Court may exercise discretion to hear and deny petitioner's non-exhausted claim; the total exhaustion rule is no longer binding. *See* 28 U.S.C. § 2254(c). The Court, however, declines to exercise the discretion to hear and dismiss petitioner's application in this case.

By refusing to exercise the discretion provided under section 2254(c), this Court endorses the rationale of the "total exhaustion rule" and continues to furnish state appellate courts the initial opportunity to correct trial court decisions. Moreover, the refusal to exercise discretion here does not conflict with the intent of Congress. In fact, enforcing the "total exhaustion rule" in this context will "encourage habeas petitioners to exhaust all of their claims in state court and to present the federal court with a single habeas petition." *Rose*, 455 U.S. at 520, 102 S.Ct. at 1204. This will serve to avoid piecemeal litigation and eventually decrease the burden on federal courts. *Id.*

Finally, the Court notes that applying the "total exhaustion rule" in cases such as this one does not unduly prejudice petitioners. Those who misunderstand the requirement and submit unacceptable "mixed petitions" may resubmit their application pending either the removal of the unexhausted claim, or exhaustion of the offending claim at the state level.

### CONCLUSION

Based on the foregoing, Duarte's petition for habeas corpus relief will be dismissed without prejudice. The Court, therefore, will not consider the other issues raised by the petitioner.

An appropriate Order is attached.

### *ORDER*

In accordance with the Court's Opinion filed herewith,

It is on this 2nd day of December, 1996,

ORDERED that Nelson O. Duarte's petition for habeas corpus relief is dismissed without prejudice.