George **FLUELLEN**, Petitioner,

v.

Hans G. **WALKER**, Superintendent, Respondent.

No. 97 Civ. 3189(KMW).

United States District Court, S.D. New York.

Sept. 7, 1997.

George Fluellen, Auburn, NY, pro se.

KIMBA M. WOOD, District Judge.

Petitioner, *pro se*, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2255, challenging his conviction of conspiracy, homi-

cide, and weapons possession. In a Report and Recommendation dated May 21, 1997, Magistrate Judge Andrew J. Peck recommended that I deny petitioner's application because it was (1) untimely under the one-year statute of limitation period imposed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), and (2) a "mixed" petition. On June 10, 1997, Magistrate Judge Peck amended that order *sua sponte* in a Supplemental Report and Recommendation (the "Supplemental Report") to delete the first ground. In other words, Magistrate Judge Peck recommended that I do not find that the petition was untimely, but recommended that I dismiss the action as a "mixed" petition. Petitioner agrees with the recommendation in this Supplemental Report.[1]

Accordingly, I hereby adopt the Supplemental Report in its entirety. I find that this petition for Habeas Corpus should be dismissed as a mixed petition. I note that I do not find that the petition was untimely filed.[2]

SO ORDERED.

## REPORT AND RECOMMENDATION

PECK, United States Magistrate Judge.

To the Honorable Kimba M. Wood, United States District Judge:

Pursuant to Rule 4 of the Rules Governing Section 2254 cases in the United States District Courts, 28 U.S.C. foll. § 2254, I recommend that the Court summarily dismiss petitioner George Fluellen's habeas corpus petition on the ground that he is not entitled

1. Although petitioner submitted what was titled "Written Objection to the Magistrate Judge's Report and Recommendation", petitioner's submission states that he is "in agreement with the Magistrate's Judge's recommendation" in the Supplemental Report.

2. In fact, were I to decide this issue, I would likely find that the petition, filed roughly 11 months and 20 days after the effective date of the AEDPA, was timely filed. *See, e.g., Peterson v. Demskie,* 107 F.3d 92 (2d Cir.1997) (prisoner would have a "reasonable time" after effective date of AEDPA to bring habeas petition; petition brought 72 days after effective date was timely);

to relief, since his petition is (1) untimely under the one-year limitation period imposed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), and (2) a "mixed" petition.

### FACTS

Petitioner George Fluellen's habeas petition is dated April 14, 1997 and was received by the Court's Pro Se Office on April 21, 1997. (*See* Petition.) The Petition indicates that on March 14, 1990, Fluellen was convicted of conspiracy, homicide and weapons possession and sentenced to 30 years to life imprisonment. (Petition ¶¶ 1–4.) The Appellate Division, First Department affirmed his conviction on June 29, 1993. *People v. Fluellen,* 194 A.D.2d 486, 599 N.Y.S.2d 574 (1st Dep't 1993). The Court of Appeals denied leave to appeal on December 15, 1993, and denied reconsideration on March 7, 1994. (Petition ¶ 9.) *See People v. Fluellen,* 82 N.Y.2d 894, 610 N.Y.S.2d 161, 632 N.E.2d 471 (1993), & 83 N.Y.2d 852, 612 N.Y.S.2d 384, 634 N.E.2d 985 (1994).[1]

A writ of error coram nobis, raising ineffective assistance of appellate counsel for not raising ineffective assistance of trial counsel, is pending before the First Department, according to the Petition. (Petition ¶ 11(b).)

Fluellen's federal habeas petition is dated April 14, 1997 and was received by the Court's Pro Se Office on April 21, 1997.

### ANALYSIS

### I. THE AEDPA'S ONE–YEAR STATUTE OF LIMITATIONS

On April 24, 1996, President Clinton signed into law the Antiterrorism and Effective

*Reyes v. Keane,* 90 F.3d 676, 679 (2d Cir.1996) (Habeas Corpus petitioners have a reasonable time after effective date of the AEDPA to file timely petitions); *Lindh v. Murphy,* 96 F.3d 856 (7th Cir.1996) (habeas Corpus petitioners have a year after effective date of AEDPA to file timely petitions).

1. While the matter was pending before the Court of Appeals, the trial court denied Fluellen's CPL 440.10 motion on May 27, 1992 and the First Department denied leave to appeal on September 17, 1992. (Petition ¶ 11(a).)

Death Penalty Act. The AEDPA significantly modified § 2254 for non-death penalty cases. Specifically, the AEDPA instituted a one-year statute of limitations for habeas petitions:

> A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.

28 U.S.C. § 2244(d)(1) (as amended by the AEDPA).

In *Peterson v. Demskie*, 107 F.3d 92 (2d Cir.1997), the Second Circuit held that "where a state prisoner has had several years to contemplate bringing a federal habeas corpus petition, we see no need to accord a full year after the effective date of the AEDPA." 107 F.3d at 93. Rather, the Court gave the prisoner a "reasonable time" after enactment of the AEDPA to bring his habeas petition. *Id.* (finding petition brought 72 days after enactment of AEDPA to be timely).

Here, counting from the Court of Appeal's denial of leave to appeal, the one-year limitation period would have run no later than March 1995. Thus, Fluellen must be allowed a "reasonable time" after the April 24, 1996 enactment of the AEDPA to bring his federal habeas petition. Fluellen did not file his petition, however, until April 14, 1997 (giving him the benefit of the doubt)—just 10 days short of a year after enactment of the AEDPA. The Court need not decide where between 72 days (upheld in *Peterson* ) and one year the line should be drawn. But if the Second Circuit's *Peterson v. Demskie* decision is to have any meaning, Fluellen's Petition, filed just 10 days short of a year, is untimely. Under the AEDPA, therefore, Fluellen's Petition should be dismissed with prejudice.

**2.** Prior to amendment by the AEDPA, 28 U.S.C. § 2254(b) provided that:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process

## II. IF FLUELLEN'S PETITION IS NOT DENIED AS UNTIMELY, IT SHOULD BE DENIED WITHOUT PREJUDICE AS A MIXED PETITION

Fluellen's Petition concedes that his second habeas ground—ineffective assistance of appellate counsel—has not been exhausted in state court because that ground is raised in his pending coram nobis petition. (Petition ¶ 13.) As such, his petition is a "mixed" one and should be dismissed without prejudice.

### A. Prior to the Antiterrorism and Effective Death Penalty Act, the Court Was Required to Dismiss "Mixed" Petitions Containing Both Exhausted and Unexhausted Claims

This section discusses the law as to "mixed" petitions in effect prior to enactment of the AEDPA.

A federal court may not consider the merits of a state prisoner's petition for a writ of habeas corpus until the petitioner has exhausted the state remedies available to him. 28 U.S.C. § 2254(b).[2] While pre-amendment Section 2254 did not directly address the problem of "mixed" habeas petitions, that is, those containing both exhausted and unexhausted claims, the Supreme Court adopted a rule of total exhaustion in *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). The Supreme Court held:

> Because a rule requiring exhaustion of all claims furthers the purposes underlying the habeas statute, we hold that a district court must dismiss such "mixed petitions," leaving the prisoner with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court.

*Id.* at 510, 102 S.Ct. at 1199.[3] The Supreme Court explained that the complete "exhaus-

or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

**3.** *Accord, e.g., Levine v. Commissioner of Correctional Services*, 44 F.3d 121, 124 (2d Cir.1995); *Grady v. LeFevre*, 846 F.2d 862, 864 (2d Cir. 1988); *Petrucelli v. Coombe*, 735 F.2d 684, 687 (2d Cir.1984).

tion doctrine is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings." *Rose v. Lundy,* 455 U.S. at 518, 102 S.Ct. at 1203. "A rigorously enforced total exhaustion rule will encourage state prisoners to seek full relief first from the state courts, thus giving those courts the first opportunity to review all claims of constitutional error." *Id.* at 518–19, 102 S.Ct. at 1203. The Supreme Court further noted that the total exhaustion rule will not impair the prisoner's interest in obtaining speedy federal relief "since he can always amend the petition to delete the unexhausted claims." *Id.* at 520, 102 S.Ct. at 1204.[4]

The Second Circuit held, prior to the AEDPA, that "[p]assing on the merits of claims in a habeas petition containing unexhausted claims runs counter to *Rose v. Lundy* ..." *Levine v. Commissioner of Correctional Services,* 44 F.3d 121, 125 (2d Cir. 1995); *accord, e.g., Boyd v. Hawk,* 94 Civ. 7121, 1996 WL 406680 at *3 (S.D.N.Y. May 31, 1996); *Ehinger v. Miller,* 928 F.Supp. 291, 293 (S.D.N.Y.1996).

### B.  *Effect of the AEDPA*

The AEDPA permits the Court to deny on the merits habeas petitions containing unexhausted claims. Thus, 28 U.S.C. § 2254 now states, in relevant part:

> (b) (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgement of a State court shall not be granted unless it appears that—
>
> (A) the applicant has exhausted the remedies available in the courts of the State; ...
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

28 U.S.C. § 2254(b)(1)-(2) (as amended by the AEDPA).

■ Section 2254(b) merely gives the Court discretion to deny unexhausted petitions on the merits; it does not require the Court to determine unexhausted claims. *See* 28 U.S.C. § 2254(b)(2), as amended.

The Court agrees with the similar decision in *Duarte v. Hershberger,* 947 F.Supp. 146 (D.N.J.1996), where the Court explained:

> Pursuant to the 1996 AEDPA amendments, however, the Court may exercise discretion to hear and deny petitioner's non-exhausted claim; the total exhaustion rule is no longer binding. *See* 28 U.S.C. § 2254(c) [sic; § 2254(b)]. The Court, however, declines to exercise the discretion to hear and dismiss petitioner's application in this case.
>
> By refusing to exercise the discretion provided under section 2254(c) [sic; § 2254(b)], this Court endorses the rationale of the "total exhaustion rule" and continues to furnish state appellate courts the initial opportunity to correct trial court decisions. Moreover, the refusal to exercise discretion here does not conflict with the intent of Congress. In fact, enforcing the "total exhaustion rule" in this context will "encourage habeas petitioners to exhaust all of their claims in state court and to present the federal court with a single habeas petition." *Rose,* 455 U.S. at 520, 102 S.Ct. at 1204. This will serve to avoid piecemeal litigation and eventually decrease the burden on federal courts. *Id.*
>
> Finally, the Court notes that applying the "total exhaustion rule" in cases such as this one does not unduly prejudice petitioners. Those who misunderstand the requirement and submit unacceptable "mixed petitions" may resubmit their application pending either the removal of the unexhausted claim, or exhaustion of the offending claim at the state level.

*Duarte v. Hershberger,* 947 F.Supp. at 150; *accord, Walker v. Miller,* 959 F.Supp. 638, 642–43 (S.D.N.Y.1997) (Peck, M.J.).

■ The Court here need not decide under what circumstances it would be more appropriate to consider the merits of unex-

---

4. However, "a prisoner who decides to proceed only with his exhausted claims and deliberately sets aside his unexhausted claims risks dismissal of subsequent federal petitions." *Id.* at 521, 102 S.Ct. at 1205.

hausted claims pursuant to § 2254(b). Suffice it to say that in this case, the Court believes it appropriate to decline to exercise its discretion to decide the petition on the merits (even assuming that the petition is not barred by the statute of limitations).

The Court notes that petitioner Fluellen should not be heard to complain about the Court's decision as to his mixed petition. Under the AEDPA, this Court can reach the merits as to unexhausted claims only if it denies them. Indeed, although the Court need not decide the issue, it appears that in a mixed petition context, the Court can reach the merits of the unexhausted claims only if it denies on the merits the entire petition, including the exhausted claims. *See* 28 U.S.C. § 2254(b)(2) (as amended) (*"An application for a writ of habeas corpus may be denied on the merits* notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the state.") (emphasis added).

### *CONCLUSION*

For the reasons set forth above, the Court should dismiss with prejudice Fluellen's petition as barred by the AEDPA's one-year statute of limitations, or at least deny the petition without prejudice as a "mixed" petition.

### *FILING OF OBJECTIONS TO THIS RE-PORT AND RECOMMENDATION*

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from receipt of this Report to file written objections. *See also* Fed.R.Civ.P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Kimba M. Wood, 500 Pearl Street, Room 1610, and to the chambers of the undersigned, 500 Pearl Street, Room 1370. Any requests for an extension of time for filing objections must be directed to Judge Wood. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *IUE AFL–CIO Pension Fund v. Herrmann,* 9 F.3d 1049, 1054 (2d Cir.1993), *cert. denied,* 513 U.S. 822, 115 S.Ct. 86, 130 L.Ed.2d 38 (1994); *Roldan v. Racette,* 984 F.2d 85, 89 (2d Cir.1993); *Frank v. Johnson,* 968 F.2d 298, 300 (2d Cir.), *cert. denied,* 506 U.S. 1038, 113 S.Ct. 825, 121 L.Ed.2d 696 (1992); *Small v. Secretary of Health & Human Servs.,* 892 F.2d 15, 16 (2d Cir.1989); *Wesolek v. Canadair Ltd.,* 838 F.2d 55, 57–59 (2d Cir.1988); *McCarthy v. Manson,* 714 F.2d 234, 237–38 (2d Cir.1983); 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72, 6(a), 6(e).

May 21, 1997

### *SUPPLEMENTAL REPORT AND RECOMMENDATION*

To the Honorable Kimba M. Wood, United States District Judge:

On May 21, 1997, I issued a Report and Recommendation recommending "that the Court summarily dismiss petitioner George Fluellen's habeas corpus petition on the ground that he is not entitled to relief, since his petition is (1) untimely under the one-year limitation period imposed by the Anti-terrorism and Effective Death Penalty Act ('AEDPA'), and (2) a 'mixed' petition."

On *sua sponte* re-reviewing Fluellen's Petition, I modify my May 21, 1997 Report and Recommendation to delete the first ground; the Petition, however, still should be dismissed without prejudice under the second ground, as a mixed petition.

In enacting the one-year statute of limitations, the AEDPA provides that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Fluellen's Petition states that a coram nobis petition is pending before the First Department. (Petition ¶ 11(b).) The Petition

does not state when that coram nobis petition was filed. Depending on when it was filed, and whether the AEDPA's "tolling" provision includes second collateral attacks (an issue which I need not address at this time), it is possible that Fluellen's Petition is not time barred. That issue would require further development of the procedural facts. Accordingly, the Court withdraws Point I of its May 21, 1997 Report and Recommendation, but continues to recommend dismissal without prejudice as a mixed petition. (If Fluellen's Petition was timely based upon the state collateral attack staying the limitation period, a new federal habeas petition filed promptly after decision of his state coram nobis petition would also be timely.)

June 10, 1997