**Nelson O. DUARTE, Petitioner,**

v.

**John M. HURLEY, Warden, et al., Respondents.**

**No. Civ.A. 98–281.**

United States District Court, D. New Jersey.

March 31, 1999.

Nelson O. Duarte, Florence, CO, pro se.

Wendy A. Way, Deputy Attorney General, Office of the New Jersey Attorney General, Trenton, NJ, for respondents.

### OPINION

WOLIN, District Judge.

This matter comes before the Court upon Nelson O. Duarte's ("petitioner" or "Duarte") application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court has reviewed the written submissions and has decided the application without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons given below, the Court will administratively terminate petitioner's application due to petitioner's failure to exhaust his state court remedies, pending notification from the petitioner regarding how he would like to proceed with this petition.

### BACKGROUND

Petitioner is currently serving federal sentences in the United States Administrative Maximum Security Penitentiary in Florence, Colorado, for convictions for bank robberies in both Arizona and California.

On June 19, 1980, Duarte was indicted for various state offenses arising out of the March 25, 1980 siege of the Essex County Jail in Newark, New Jersey. A jury trial was held in the Superior Court of New Jersey, Essex County Law Division, from July 20 to July 30, 1982. The jury convicted Duarte on three counts: (1) third degree attempted escape, in violation of N.J.S.A. 2C:29–5 and N.J.S.A. 2C:5–1, (2) committing acts of riot in the fourth degree, in violation of N.J.S.A. 2C:33–1(a), and (3) third degree possession of an implement of escape, in violation of N.J.S.A. 2C:29–6a.

On August 4, 1982, the trial court sentenced petitioner to two consecutive five-year terms for attempted escape and possession of an implement of escape, and an eighteen-month concurrent term for committing acts of riot (collectively, the "state sentences"). The trial court further assessed a $1,500 Violent Crimes Compensation Board Penalty. The state sentences are to run consecutively to the federal sentences he is currently serving. However, from the record it appears that the state has not lodged a detainer against Duarte pertaining to the state sentences.

Duarte appealed the state sentences to the Appellate Division of the New Jersey Superior Court. In an opinion dated November 13, 1985, the Appellate Division affirmed Duarte's conviction and sen-

tences. Shortly thereafter, the petitioner filed a notice of petition to the New Jersey Supreme Court. On October 15, 1986, that petition was denied.

Duarte filed his first petition for a writ of habeas corpus with this Court nearly ten years later, on May 7, 1996. In support of his application, petitioner claimed that (1) he was denied effective assistance of trial counsel, (2) the trial court lacked jurisdiction over his case, (3) the trial court refused to declare a mistrial or conduct a voir dire examination of a juror at trial, and (4) the trial court restricted the petitioner's right to effective cross examination.

This Court dismissed the petition without prejudice on December 2, 1996, because petitioner had failed to exhaust available state remedies concerning his claim of ineffective assistance of trial counsel. *See Duarte v. Hershberger*, 947 F.Supp. 146, 149–150 (D.N.J.1996). The Court did not address the merits of the petitioner's remaining claims. *Id.*

As part of the materials submitted in support of his current habeas corpus petition, Duarte has provided the Court with a petition for post conviction relief ("PCR petition") in which he asserts his claim of ineffective assistance of trial counsel. Duarte alleges that he filed his PCR petition in early February of 1997, although the Court notes for the record that the document bears no "filed on" stamp.

The Court also has before it copies of correspondence between Duarte and the New Jersey Office of the Public Defender. In a letter dated February 26, 1997, Susan Herman, Assistant Deputy Public Defender for the State of New Jersey, wrote to the petitioner, stating in part: "Mr. Duarte ... This (letter) will acknowledge receipt of your pro se petition for Post–Conviction Relief which you filed with the Essex County Court." Subsequently, in a letter to Ms. Herman dated March 30, 1997, Duarte asked to be informed of the outcome of the PCR petition as soon as possible and added: "I am trying to file a

28 U.S.C. 2254, and I don't have much time." Ms. Herman responded with another letter dated April 4, 1997, in which she informed Duarte that she had still not received his appellate file and noted, "If there are time constraints on the filing of your federal action, I suggest that you file it now." No further evidence has been presented to the Court regarding the current status of the PCR petition.

Subsequently, on January 22, 1998, Duarte filed the instant petition for habeas corpus relief under 28 U.S.C. § 2254. Petitioner raises virtually the same claims in this petition as he did in his first habeas corpus petition. He changed the heading of the ineffective assistance of trial counsel claim to instead reflect a Fifth Amendment violation, but the text of the argument remains virtually identical to his first petition.

Federal law requires that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). In light of this requirement, on January 22, 1998, the Court dismissed Duarte's revised petition without addressing the merits of his claims because Duarte had not obtained an order from the Third Circuit Court of Appeals permitting this Court to consider his petition.

On February 9, 1998, petitioner filed a notice of appeal with the district court. On appeal, the Third Circuit noted that when a petitioner's first habeas corpus petition is dismissed for failure to exhaust state remedies, no authorization is required from the court of appeals in order to file a successive petition in district court. *See Christy v. Horn*, 115 F.3d 201, 208 (3d Cir.1997). Therefore, on May 27, 1998, the Third Circuit Court of Appeals remanded Duarte's petition to this Court.

## DISCUSSION

█ In the interest of justice, the Court will read this *pro se* petition liberally. *See Boag v. MacDougall*, 454 U.S. 364, 365, 102 S.Ct. 700, 70 L.Ed.2d 551 (1982); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Todaro v. Bowman*, 872 F.2d 43, 44 n. 1 (3d Cir. 1989); *Hurd v. Romeo*, 752 F.2d 68, 70 (3d Cir.1985).

### Subject Matter Jurisdiction

Upon review of the record, it has come to the attention of the Court that there may be a question as to whether the Court has jurisdiction over Duarte's habeas corpus petition. Duarte is currently serving federal sentences in a federal penitentiary, but his habeas petition, filed pursuant to 28 U.S.C. § 2254, challenges the state sentences imposed on him by the Superior Court of New Jersey.

In order for a federal court to entertain a petition for habeas corpus relief from a state court conviction, the prisoner must be "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *see also* 28 U.S.C. § 2241(c)(3). In *Peyton v. Rowe*, 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed.2d 426 (1968), the Supreme Court examined this "in custody" prerequisite for habeas relief.

In *Peyton*, the Court allowed prisoners serving the first of two consecutive state court sentences to challenge the constitutionality of the second, unserved sentence under the writ of habeas corpus. *See id.* at 64, 88 S.Ct. 1549. The Court held that, for habeas corpus purposes, a prisoner serving one of a series of consecutive sentences imposed by a state court is " 'in custody' under any one of them." *Id.* at 67, 88 S.Ct. 1549. The Court reasoned that "postponement of the adjudication of such issues for years can harm both the prisoner and the State and lessens the probability that final disposition of the case will do substantial justice." *Id.* at 62, 88 S.Ct. 1549.

The Supreme Court subsequently lowered the bar on the "in custody" requirement of habeas corpus even further. *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973). The Court ruled in *Braden* that a prisoner who was incarcerated in Alabama for a state conviction could challenge a state indictment pending in Kentucky in a habeas corpus petition when a detainer based on the Kentucky indictment had been lodged against him. *Id.* The Court held that, because the state had lodged a detainer against the prisoner, he would be considered "in custody" for habeas corpus purposes. *See id.* at 43, 93 S.Ct. 1123.

The *Braden* Court raised but did not resolve the issue presented by this habeas petition, namely, whether a prisoner may be considered "in custody" for habeas corpus purposes where a consecutive sentence is pending, but no detainer has been filed pertaining to that sentence. The Court stated simply, "We need not decide whether, if no detainer had been issued against him, petitioner would be sufficiently 'in custody' to attack the Kentucky indictment by action in habeas corpus." *Id.*

The Supreme Court has not spoken further on this issue; however, the Court of Appeals for the Second Circuit offers some guidance. *See Frazier v. Wilkinson*, 842 F.2d 42, 43 (2d Cir.1988). In *Frazier*, a petitioner serving a federal sentence filed a writ of habeas corpus challenging a state sentence for which no detainer had been issued by the state. *See id.* The court determined that the writ of habeas corpus can be used to challenge a consecutive sentence even in the absence of a detainer when "there is a reasonable basis to apprehend that the jurisdiction that obtained the consecutive sentence will seek its enforcement." *Id.* at 45. In fact, the Second Circuit seems to suggest that the mere existence of consecutive sentences satisfies this "reasonable basis test," stating that "the pendency of the consecutive sentence satisfies the 'in custody' requirement" of

habeas corpus relief. *See Frazier*, 842 F.2d at 44. The court reasoned that "the policies of the Great Writ are surely not served by permitting a state to postpone, perhaps for many years, a challenge to its consecutive sentence by the simple expedient of deferring the filing of a detainer until close to the end of the initial sentence." *Id.*

■ This Court agrees with the holding of the *Frazier* court and finds that the "reasonable basis test" is in accordance with the prior rulings of the Supreme Court. The Supreme Court has already expressed concern that postponement of habeas corpus review could work to the detriment of the prisoner, as well as the state, because the passage of years could lead to the loss or destruction of relevant documents or failure to transcribe the record. *See Peyton*, 391 U.S. at 62, 88 S.Ct. 1549. The Supreme Court has also noted that "common sense dictates that prisoners seeking habeas corpus relief after exhausting state remedies should be able to do so at the earliest practicable time." *Id.*

■ The Court will therefore apply the "reasonable basis test" to determine whether it may exercise jurisdiction over this matter. After reviewing the record, the Court finds that a reasonable basis exists to conclude that the New Jersey Superior Court will seek enforcement of the consecutive sentences it imposed on Duarte. The Court will therefore allow Duarte to challenge his state sentences even though the state has not lodged a detainer against him. There is no indication in the record that the New Jersey Superior Court will not seek enforcement of Duarte's state sentences.

Accordingly, the Court finds that Duarte is in "in custody" and may challenge the constitutionality of his state sentences under 28 U.S.C. § 2254, even in the absence of evidence of a detainer lodged against him by the state.

### Failure To Exhaust State Remedies

■ The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), signed into law on April 24, 1996, included several amendments to the statutes governing habeas corpus. As amended, 28 U.S.C. § 2244(d) directs in part that:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action...

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Significantly, pursuant to 28 U.S.C. § 2244(d)(2), the statute of limitations is tolled while a claim brought in a properly filed application for post-conviction relief is pending.

Duarte alleges that he filed a PCR petition regarding his ineffective assistance of counsel claim in February 1997. The Court presumes from the absence of any evidence to the contrary that his PCR petition is still pending.

Duarte filed the instant habeas petition before any judgment was rendered on his pending PCR petition for ineffective assistance of counsel. Duarte apparently filed the petition in haste, slightly altering the wording of the ineffective assistance of

counsel claim in his first petition, because he feared that he would be barred from bringing a habeas petition by the statute of limitations. Pursuant to 28 U.S.C. § 2244(d)(2), however, the limitations period is tolled pending the outcome of his PCR petition. Petitioner need not fear that the statute of limitations will bar his habeas petition while his PCR petition is pending in state court. However, this Court cannot address the merits of petitioner's habeas petition because it includes an unexhausted claim. Petitioner must therefore decide whether he would prefer to omit the unexhausted claim permitting the Court to consider the habeas petition, or to await the resolution of his PCR petition and refile his habeas petition at that time.

Under 28 U.S.C. § 2254, the Court has the discretion to address and dismiss claims raised in a habeas corpus petition even when the petitioner has not exhausted available state remedies. However, the Court has previously declined to exercise its discretion under 28 U.S.C. § 2254 to address unexhausted claims in a habeas petition. *See Duarte*, 947 F.Supp. at 146. For the same reasons stated in *Duarte*, the Court declines to address the unexhausted claims in Duarte's current petition.

Petitioner has the option of either omitting the unexhausted ineffective assistance of counsel claim from consideration in his habeas petition, or waiting until a judgment is rendered on his pending PCR petition before resubmitting his habeas petition to this Court. In the accompanying Order, petitioner is directed to inform the Court how he would like to proceed.

## CONCLUSION

Accordingly, Duarte's petition for habeas corpus relief will be administratively terminated pending notification from the petitioner regarding how he would like to proceed with this petition.

An appropriate Order is attached.

## ORDER

In accordance with the Court's Opinion filed herewith,

It is on this 31st day of March, 1999

ORDERED that Nelson O. Duarte's petition for habeas corpus relief is administratively terminated pending notification from the petitioner regarding how he would like to proceed with this petition; and it is further

ORDERED that Nelson O. Duarte promptly notify the Court whether he would prefer to omit from his petition the unexhausted ineffective assistance of counsel claim, which would enable the Court to proceed with its consideration of the petitioner, or to wait until a final judgment is rendered in state court on his pending petition for post-conviction relief, thus deferring the Court's consideration of petitioner's habeas corpus petition until after that date. If petitioner elects to wait until the post-conviction relief petition is resolved, the Court will dismiss this matter without prejudice to refile the habeas petition when all state court remedies have been exhausted.