**George FLUELLEN, Petitioner–Appellant,**

v.

**Hans G. WALKER, Superintendent, Auburn Correctional Facility, Respondent–Appellee.**

**No. 01–2474.**

United States Court of Appeals, Second Circuit.

June 28, 2002.

Marvin B. Segal, London Fischer LLP, New York, NY, for Appellant.

Donald J. Siewert, Assistant District Attorney (Robert M. Morgenthau, New York State District Attorney for the County of New York), New York, NY, for Appellee.

Present CALABRESI, SACK, B.D. PARKER, Circuit Judges.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of said district court, dated June 8, 2001, be, and it hereby is, **AFFIRMED.**

George Fluellen, convicted of, *inter alia,* murder, burglary, and conspiracy in Supreme Court, New York County, on March 14, 1990, and presently incarcerated, appeals from a judgment of the United States District Court for the Southern District of New York (Kimba M. Wood, *Judge* ) adopting for the most part the Report and Recommendation of Magistrate Judge Andrew J. Peck, *Fluellen v. Walker,* No. 97 Civ. 3189, 2000 WL 684275, 2000 U.S. Dist. LEXIS 8839 (S.D.N.Y. May 25, 2000) (*"R & R "*), and substantially for the reasons stated therein, dismissing Fluellen's petition for a writ of habeas corpus. Because the court determined that Fluellen had made "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), however, it issued a certificate of appealability limited to the question whether the reasonable-doubt instruction delivered by the state trial court "represent[ed] an unreasonable application of clearly established federal law." Order of May 31, 2001, at 11.

Magistrate Judge Peck's Report and Recommendation sets forth the facts. *R & R,* 2000 WL 684275, at *1–*5, 2000 U.S. Dist. LEXIS 8839, at *1–*13. Briefly, in 1989, a New York grand jury indicted Fluellen for conspiracy to distribute heroin, felony and intentional murder, burglary, and possession of criminal weapons. *Id.,* 2000 WL 684275, at *1, 2000 U.S. Dist. LEXIS, at *1. After a two-month trial at which "the jurors heard sixty-nine witnesses and examined more than 200 exhibits," Fluellen was convicted. *Id.,* 2000 WL 684275, at *1, 2000 U.S. Dist. LEXIS, at *2.

Fluellen appealed his conviction to the New York State Appellate Division, First Department. In a supplemental *pro se* brief, he argued that the trial court "improperly instructed the jury on reasonable doubt." *Id.,* 2000 WL 684275, at *3, 2000 U.S. Dist. LEXIS, at *9. The First Department found this argument, together with many others unspecified, "to be either unpreserved or without merit." *People v. Fluellen,* 194 A.D.2d 486, 487, 599 N.Y.S.2d 574, 575 (1st Dep't 1993).

Fluellen sought leave to appeal to the New York Court of Appeals. In a *pro se* filing, he again challenged the state court's reasonable-doubt jury instruction. Leave to appeal from the Court of Appeals was denied twice: on December 15, 1993, *People v. Fluellen,* 82 N.Y.2d 894, 610 N.Y.S.2d 161, 632 N.E.2d 471 (1993), and on March 7, 1994, 83 N.Y.2d 852, 612 N.Y.S.2d 384, 634 N.E.2d 985 (1994). *See R & R,* 2000 WL 684275, at *4, 2000 U.S. Dist. LEXIS, at *10. Fluellen then made a motion pursuant to N.Y.Crim. Pro. Law § 440.10 to vacate his conviction based on newly discovered evidence. The state trial court denied the motion, and the First Department denied Fluellen leave to appeal. *R & R,* 2000 WL 684275, at *4, 2000 U.S. Dist. LEXIS, at *10.

On April 9, 1997, Fluellen moved the First Department for a writ of error *coram nobis.* He alleged ineffective assistance of appellate counsel. He argued that appellate counsel should have argued that trial counsel provided ineffective assistance by failing to object to the reasonable-doubt instruction. The First Department denied Fluellen's motion on August 7, 1997. *People v. Fluellen,* 242 A.D.2d 408, 661 N.Y.S.2d 689 (1st Dep't 1997). *See R & R,* 2000 WL 684275, at *4, 2000 U.S. Dist. LEXIS 8839, at *10–11.

In 1997, before the First Department denied Fluellen's petition for a writ of

error *coram nobis,* Judge Wood dismissed without prejudice his initial federal habeas petition as "mixed," i.e., containing both exhausted and unexhausted claims. *Fluellen v. Walker,* 975 F.Supp. 565 (S.D.N.Y. 1997). *See R & R,* 2000 WL 684275, at *5, 2000 U.S. Dist. LEXIS 8839, at *12. On October 3, 1997, after he fully exhausted his claims in the state courts, Judge Wood permitted Fluellen to resubmit his habeas petition and referred it to Magistrate Judge Peck for a recommendation. *R & R,* 2000 WL 684275, at *5, 2000 U.S. Dist. LEXIS 8839, at *12–*13.

Magistrate Judge Peck determined Fluellen's challenge to the state court's reasonable doubt instruction not to be procedurally barred, *id.,* 2000 WL 684275, at *5, 2000 U.S. Dist. LEXIS 8839, at *14–*15, but he concluded on the merits that "while this charge language is to be discouraged," considered in its entirety, the "charge here did not constitute constitutional error sufficient to justify habeas relief." *Id.,* 2000 WL 684275, at *9, 2000 U.S. Dist. LEXIS 8839, at *29.

Judge Wood substantially adopted Magistrate Judge Peck's Report and Recommendation and denied Fluellen's petition. She concluded that "the instruction at issue in this case, which stated that jurors *must* articulate a basis for their doubts if called upon to do so, represents a variation on the instructions upheld in prior caselaw," but that "the variation is slight and does not provide a valid basis for habeas relief." Order of May 31, 2001, at 7 (emphasis in original). She declined, however, to rule "that the challenged instruction is constitutionally *permissible,*" holding only that it did not constitute an "unreasonable application" of clearly established Supreme Court precedent, "as required for habeas relief." *Id.* at 9 n. 2 (emphasis added).

■ Because our cases have discouraged similar reasonable-doubt instructions in the past, *see, e.g., Vargas v. Keane,* 86 F.3d 1273, 1278–79 (2d Cir.1996); *Chalmers v. Mitchell,* 73 F.3d 1262, 1268–69 (2d Cir.1996), and because the New York Court of Appeals has held that such a reasonable-doubt instruction violates the Due Process Clauses of the New York State and United States Constitutions, *People v. Antommarchi,* 80 N.Y.2d 247, 252, 590 N.Y.S.2d 33, 36, 604 N.E.2d 95, 98 (1992), Judge Wood issued a certificate of appealability limited to the question whether the state court's reasonable-doubt instruction violated clearly established federal law. *See* Order of May 31, 2001, at 10–12. We review *de novo* the denial of a petition for a writ of habeas corpus. *Lainfiesta v. Artuz,* 253 F.3d 151, 154 (2d Cir. 2001). We note at the outset that the district court correctly exercised habeas jurisdiction over Fluellen's claim challenging the constitutionality of the state trial court's reasonable-doubt instruction. While the Appellate Division found this claim "to be either unpreserved or without merit." *Fluellen,* 194 A.D.2d at 487, 599 N.Y.S.2d at 575, the Supreme Court has made clear that "procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case *clearly and expressly states* that its judgment rests on a state procedural bar," *Harris v. Reed,* 489 U.S. 255, 263, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989) (emphasis added; internal quotation marks omitted); *accord Jones v. Stinson,* 229 F.3d 112, 118 (2d Cir.2000). The phrase "either unpreserved or without merit" is not a clear and express statement.

■ The district court therefore adopted Magistrate Judge Peck's recommendation that it review Fluellen's claim on the merits, *see* Order of May 31, 2001, at 5, and applied the standard of review established by the Antiterrorism and Ef-

fective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104–132, 110 Stat. 1214. *See* 28 U.S.C. § 2254(d)(1) (directing federal courts to inquire only whether a state court's adjudication "on the merits" of a habeas petitioner's claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States"); *see also Williams v. Taylor,* 529 U.S. 362, 412–13, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000) (opinion of O'Connor, J.) (explaining the "contrary to" and "unreasonable application" clauses). The court held that the state court's reasonable-doubt instruction, while perhaps unwise and possibly erroneous, did not "represent[ ] an unreasonable application of Supreme Court law on reasonable doubt." Order of May 31, 2001, at 9.

We conclude that even were we to review the state court's reasonable-doubt instruction *de novo,*[1] it would not run afoul of the Constitution. The instruction, considered as a whole, cures the error, if any, in the portion challenged by Fluellen's habeas corpus petition.

Fluellen argues principally that the trial court committed an error of constitutional

magnitude by defining reasonable doubt in pertinent part as a doubt for which

> you are able to give a reason or a rational[ ] explanation which is based upon your evaluation of the evidence or lack of evidence in the case. [If one juror were to ask another about the reason for his or her doubt, then] that juror would *have to* articulate, give a reason or a rational[ ] explanation by pointing to items of evidence in the case or lack of evidence in the case.

Trial Tr. at 6347–48 (emphasis added). This instruction, as the district court observed, "represents a variation on the instructions upheld in prior caselaw; however, the variation is slight...." Order of May 31, 2001, at 7. Fluellen argues principally that this variation, far from being "slight," crosses the constitutional line. We disagree.

The Supreme Court has made clear that "a single instruction to a jury may not be judged in artificial isolation, but must be viewed in the context of the overall charge." *Cupp v. Naughten,* 414 U.S. 141, 146–47, 94 S.Ct. 396, 38 L.Ed.2d 368 (1973). Our inquiry is " 'whether there is a reasonable likelihood that the jury has applied the challenged instruction in a

---

1. The district court decided this case before our decisions in *Sellan v. Kuhlman,* 261 F.3d 303 (2d Cir.2001), and *Rudenko v. Costello,* 286 F.3d 51 (2d Cir.2002). In *Sellan,* we held that "a state court adjudicates a state prisoner's federal claim on the merits when it (1) disposes of the claim 'on the merits,' and (2) reduces its disposition to judgment[,] ... even if the state court does not explicitly refer to either the federal claim or to relevant federal case law." 261 F.3d at 312 (internal quotation marks and alterations omitted). We also held that to determine whether an ambiguous state appellate-court decision constitutes an "adjudication on the merits," a federal habeas court should follow certain analytic steps. *Id.* at 314 (quoting and adopting the test set forth by the Fifth Circuit in *Mercadel v. Cain,* 179 F.3d 271, 274 (5th Cir.1999)). In *Rudenko,*

however, we stated that where "it cannot be determined from the state-court opinion whether the denial of a given claim was based on a procedural ground rather than on the merits, no AEDPA deference is due the state-court decision on that claim." 286 F.3d at 69; *see also id.* at 71 (stating that where a state appellate court "reject[s] in bulk undiscussed—and perhaps unlisted—claims by stating that they [a]re 'either' meritless 'or' procedurally barred, ... no AEDPA deference by the district court on these claims [i]s warranted"). We need not decide *Rudenko* 's effect, if any, on the holding in *Sellan.* We conclude that the state court's reasonable doubt instruction does not run afoul of the Due Process Clause whether reviewed *de novo* or with AEDPA deference.

way' that violates the Constitution." *Estelle v. McGuire*, 502 U.S. 62, 72 & n. 4, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991) (quoting *Boyde v. California*, 494 U.S. 370, 380, 110 S.Ct. 1190, 108 L.Ed.2d 316 (1990)).

In only one case has the Supreme Court found a reasonable-doubt instruction to be unconstitutional. In *Cage v. Louisiana*, 498 U.S. 39, 111 S.Ct. 328, 112 L.Ed.2d 339 (1990) (*per curiam*), a state court instructed the jury in a murder trial that a reasonable doubt "must be such doubt as would give rise to a grave uncertainty.... It is an actual substantial doubt," *id.* at 40 (quoting *State v. Cage*, 554 So.2d 39, 41 (La.1989)) (emphasis deleted). The Court said that "[i]t is plain ... that the words 'substantial' and 'grave,' as they are commonly understood, suggest a higher degree of doubt than is required for acquittal under the reasonable-doubt standard." *Id.* at 41. By contrast, in *Victor v. Nebraska*, 511 U.S. 1, 114 S.Ct. 1239, 127 L.Ed.2d 583 (1994), the Supreme Court upheld two instructions arguably similar to the one found to be defective in *Cage*, *id.* at 6. Both instructions included phrases deemed to be problematic in *Cage*, such as "a substantial doubt" and "proof to a moral certainty." But the Court concluded that, evaluated as a whole, "[t]here [wa]s no reasonable likelihood that the jurors who determined petitioners' guilt applied the instructions in a way that violated the Constitution." *Victor*, 511 U.S. at 22–23.

In *Holland v. United States*, 348 U.S. 121, 75 S.Ct. 127, 99 L.Ed. 150 (1954), the Court defined a reasonable doubt as a "doubt that would make a person hesitate to act," *id.* at 140. While we have said that "[w]e view this definition as the preferable way of expressing the notion of reasonable doubt," *Perez v. Irwin*, 963 F.2d 499, 502 (2d Cir.1992), it has been heavily criticized, *see, e.g., Victor*, 511 U.S. at 24–25 (Ginsburg, J., concurring in part

and concurring in the judgment) (reiterating critiques of the "hesitate to act" formulation); *see also* Jon O. Newman, *Beyond "Reasonable Doubt,"* 68 N.Y.U. L.Rev. 979, 983, 991 (1993). Because "[a]ttempts to explain the term 'reasonable doubt' do not usually result in making it any clearer to the minds of the jury," *Holland*, 348 U.S. at 140 (internal quotation marks omitted), the Court has said that "the Constitution neither prohibits trial courts from defining reasonable doubt nor requires them to do so," *Victor*, 511 U.S. at 5; nor, if a trial court elects to explain reasonable doubt, does the Constitution demand that "any particular form of words be used in advising the jury of the government's burden," *id.* It prohibits only those reasonable-doubt instructions that effectively shift the burden of proof or suggest a higher quantum of doubt than is required for an acquittal. *See id.* at 13–17, 19–23.

Fluellen avers that the state court's instruction shifted the burden of proof to him to establish his innocence because the jurors, perhaps apprehensive that a fellow juror would demand that they explain the reason for their doubt, "were in fact left to look to each other or the defendant for a reason to acquit." Appellant's Br. at 11. He notes that in several of our decisions, we have disapproved instructions implying that "jurors should be ready to give a reason for their doubts." *Chalmers*, 73 F.3d at 1268 (citing *United States v. Davis*, 328 F.2d 864, 867–68 (2d Cir.1964) (Friendly, J.) (noting that such instructions "might intimidate a juror") (internal quotation marks omitted)). In *Chalmers*, we said that "[t]he danger in such an instruction is that a jury will take it to mean that they must be ready to articulate a reason for their doubts," and this may cause jurors to "look to the defendant to articulate the reason for the doubt, in essence requiring him to prove his innocence." 73 F.3d at 1268. In *Vargas*, we implied that

it may be unconstitutional to suggest "that a juror *will* be called upon to articulate his doubts, or that he *must* articulate them if so called upon." 86 F.3d at 1278 (emphasis in original). We reasoned, first, that some doubts may be reasonable, but not articulable, *id.,* and it would run afoul of the Due Process Clause to prohibit a jury from acquitting on the basis of such doubts, *see id.;* and second, that some jurors may, consciously or not, "look to the defendant to supply an articulable reason for doubt before voting to acquit," *id.*

But in neither *Davis* nor *Chalmers* nor *Vargas* did we find the challenged reasonable-doubt instructions, *considered as a whole,* to be unconstitutional. *See Vargas,* 86 F.3d at 1277–78 (holding that the objectionable language, considered in the context of the entire reasonable-doubt instruction, did not run afoul of the Due Process Clause); *Chalmers,* 73 F.3d at 1268 (concluding that the instruction as a whole made clear to the jury that the burden of proof remains at all times with the prosecution); *Davis,* 328 F.2d at 868 (holding that a definition of reasonable doubt instructing jurors that they should be able to give reasons for their doubts, while "perhaps unwise" and "not approved," was "not erroneous").

We conclude similarly here. While we do not countenance the particular instructions at issue, we cannot say that, "viewed in the context of the overall charge," *Cupp,* 414 U.S. at 147, " 'there is a reasonable likelihood that the jury has applied the challenged instruction in a way' that violates the Constitution." *Estelle,* 502 U.S. at 72 (quoting *Boyde,* 494 U.S. at 380).

The passage challenged by Fluellen occupies no more than a page in a jury charge of more than 130 transcribed pages. Surrounding passages leave no doubt that the defendant must be presumed to be innocent and that the burden of proof rests with the prosecution throughout the trial. For example, the trial court emphasized that "[t]he only way that the presumption of innocence can be destroyed is by all of [the jurors] agreeing on the basis of the evidence that the defendant is guilty beyond a reasonable doubt," Trial Tr. at 6345; and that "the burden of overcoming that presumption ... never shifts to the defense," *id.* at 6346. And the charge, far from raising the quantum of doubt, made clear that "reasonable" means "based on the evidence," not "fanciful" or "conjectural." *Id.* at 6348. Such an instruction is appropriate. *See Victor,* 511 U.S. at 19–20.

Fluellen further argues that the trial court's use of the phrase "moral certainty" in explaining circumstantial evidence tainted its reasonable-doubt instruction. To the extent that Fluellen urges this as an independent basis for habeas relief, we note that it has been procedurally defaulted, *see Bossett v. Walker,* 41 F.3d 825, 828–29 (2d. Cir.1994), and raises issues beyond the scope of the certificate of appealability, which this Circuit construes strictly, *see Smaldone v. Senkowski,* 273 F.3d 133, 139 (2d Cir.2001). To the extent that Fluellen argues that we must evaluate the "moral certainty" language to determine its effect on the trial court's reasonable-doubt instruction, it does not change our conclusion that the instruction, "taken as a whole, ... correctly conveyed the concept of reasonable doubt to the jury." *Holland,* 348 U.S. at 140.

For the foregoing reasons, the judgment of the district court is **AFFIRMED.**